## IN RE HARRY W. HALL.

[FILED MARCH 9, 1892.]

**Criminal Law.** SENTENCE: COMMUTATION: GOOD TIME ACT. One H. was convicted in this state of murder and sentenced to imprisonment for life in the penitentiary.   Subsequently the governor by an order in due form commuted the sentence in question to imprisonment for nine years, the commutation being as follows : "To nine years of actual time in the penitentiary, and when he shall have served nine years' actual time in said penitentiary he shall be entitled to his discharge," etc. *Held*, That by the language used is meant nine full years in the penitentiary, and that the prisoner is not entitled to the benefit of the provisions of the law known as the " good time act" for the purpose of reducing his term to less than nine years.

ORIGINAL application for a writ of *habeas corpus.*

*Reese & Gilkeson*, for petitioner :

Acts of executive clemency are to be liberally construed in favor of a prisoner.   (*Wyrral's Case*, 3 Coke's Eng. Rep., part V, 50; *State v. Blalock*, Phillips' Law [N. Car.], 242 ; *Ex parte Hunt*, 10 Ark., 284.)   The petitioner is entitled to good time from date of sentence.   (*Ex parte James*, 1 Nev., 321 ; *In re Sarah M. Vicar*, 31 O. St., 207–8 ; *Lee v. Murphy*, 22 Gratt. [Va.], 800 ; Black's Law

Dic., " Commutation "; 1 Rap. & Law., Law Dic., "Com-
mutation "; *Woodward v. Murdock*, 24 N. E. Rep. [Ind.]
1047.) Moreover the petitioner is entitled to his discharge
by reason of the provision of sec. 569*a* of the Criminal
Code.

*George H. Hastings, Attorney General, contra.*

Post J.

This is an application for a writ of *habeas corpus* by
the petitioner, Harry W. Hall, who claims to be unlawfully
imprisoned by the respondent James P. Mallon, warden
of the penitentiary. From the petition it appears that the
petitioner was convicted in the district court of Cheyenne
county of murder in the second degree, on the 29th day of
March, 1882, and sentenced to imprisonment for life in the
penitentiary ; and that in the execution of said sentence he
was placed in said prison on the 5th day of April follow-
ing. It appears further that he was confined therein by
virtue of said sentence continuously from the last named
date until the 5th day of January, 1888, to-wit, five years
nine months and six days, when he made his escape and
was absent therefrom until the 3d day of December, 1889,
to-wit, one year ten months and twenty-eight days, and
that ever since the date last named he has been confined in
said prison. That on the 2d day of January, 1891, Hon.
John M. Thayer, then governor of Nebraska, by an order
duly issued, commuted the petitioner's sentence from im-
prisonment for life to nine years' actual time in the peni-
tentiary, said order of commutation being in the following
words :

" Whereas Harry W. Hall was by the Cheyenne county
district court convicted of the crime of murder in the sec-
ond degree, and was sentenced to the penitentiary for the
term of life, and was received at the said penitentiary on
the 5th day of April, 1882: Now, therefore, under and

by virtue of the authority in me vested by law, I, John M. Thayer, governor of the state of Nebraska, for good and sufficient reasons unto me apparent, and which are satisfactory, do hereby commute the sentence of the said Harry W. Hall from life to nine years of actual time in said penitentiary, and when he shall have served nine years' actual time in said penitentiary he shall be discharged with all his former rights of citizenship restored.

" In witness whereof, I have hereunto set my hand and affixed the great seal of the state of Nebraska. Done at Lincoln this second day of January, year of our Lord one thousand eight hundred and ninety-one, the twenty-third year of the state, and of the independence of the United States the one hundred and fifteenth.

'" John M. Thayer."

It is also alleged by the petitioner that there have never been recorded against him any infractions of the rules or regulations of the penitentiary or laws of the state, and that he has always faithfully and in a peaceable and orderly manner performed the duties assigned him ; by reason of which he is entitled to the benefits of the deduction from his term of nine years, of the good time provided for by section 569 of the Criminal Code.

The attorney general, in behalf of the state, has filed a demurrer to the petition, thereby admitting the truth of the allegations of fact therein. It will be observed that from the time he was returned to the penitentiary to the filing of his petition, February 17, 1892, the petitioner has been confined two years, two months, and fourteen days, making a total of seven years, eleven months, and twenty days. If he is entitled to reduce the term of nine years by deducting good time earned, it is clear that he should be discharged, since he should, in that case, be credited with two years and three months of good time. On the other hand, if he is not entitled to a deduction from the nine

years to which his sentence was reduced on account of good time, there is yet remaining of his term one year and ten days. The substantial question presented, therefore, is the construction of the order of commutation.

Counsel for petitioner in their argument and printed brief have referred us to a number of cases which to our minds are conclusive upon two propositions: First, that the commutation of a sentence like the one under consideration is not in the nature of a conditional pardon, but the substitution of one sentence for another, and for the purpose of its execution will be treated precisely as if the substituted sentence had been imposed by the court in the first instance, provided, of course, it is within the jurisdiction of the court; second, that an order of commutation, like a pardon, should be strictly construed as against the state and liberally in favor of the convict. We are unable, however, to give to the order of commutation the construction contended for by counsel. By the terms used it is plain to us that the governor intended the reduced sentence to be nine years of service within the penitentiary. The language, "from life to nine years of actual time in the penitentiary, and when he shall have served nine years' actual time in the said penitentiary he shall be discharged," etc., notwithstanding the foregoing rules, appears to us to be too plain for construction. To construe the commutation in accordance with the contention of counsel for the petitioner would be a palpable violation of that elementary rule of construction, viz., that effect will be given when possible to all of the terms and conditions of the instrument in question. In our view the term nine years of actual time in the penitentiary must be held to mean nine years exclusive of any reduction on account of good time. The demurrer to the petition will be sustained and the petition

DISMISSED.

THE other judges concur.