### *In re* JOHN S. McMAHON.

(Decided October 17, 1899.)

*Habeas Corpus—Prisoner in State Prison—Commutation of Sentence—Statutory Diminution of Imprisonment. The Code, Sec. 3445—Act of 1885, Chap. 379—Act of 1899, Chap. 457.*

1. A prisoner for life is not entitled to diminution of imprisonment on account of good behavior, by reason of sec. 3445 of The Code, and amendatory acts.

2. A prisoner whose term has been commuted from a life sentence to a term of years is so entitled, from and after the date of such commutation, but not before.

PETITION of John S. McMahon, a prisoner in State prison, for writ of *habeas corpus,* preferred to Hon . W. A. MONTGOMERY, Associate Justice of the Supreme Court. Writ awarded directed to the penitentiary authorities, and case heard before his Honor at Chambers on September 7, 1899.

Upon the hearing, after argument on both sides, his Honor

IN RE MCMAHON.

adjudged that the petitioner was not then entitled to his discharge, and remanded him into custody. From this judgment the petitioner appealed to the Supreme Court. The grounds of the application for discharge are fully stated in the opinion.

*Mr. J. C. L. Harris,* for petitioner (appellant).
*Messrs. Zeb Vance Walser,* Attorney-General, and *Shepherd & Busbee* and *Argo & Snow, contra.*

FURCHES, J.   The petitioner was convicted of murder at June Term, 1889, of Macon Superior Court and sentenced to be hanged, and the sentence was commuted by the Governor to imprisonment for life.   The prisoner was received in the penitentiary on the 8th day of June, 1889, under this commuted sentence, where he has been confined ever since that time; that on the 15th day of August, 1899, his sentence was further commuted by the Governor to imprisonment in the penitentiary for the term of twelve years, and he would be entitled to his discharge at the end of twelve years from the date of his imprisonment, without statutory commutation.

But the prisoner contends that chap. 457 of the Laws of 1899 repealed that part of chap. 379 of the Laws of 1885, and all that part of sec. 3445 of The Code, that gave commutation to prisoners, and that under the Act of 1899 he is entitled to a commutation of five days per month for each month he has been in the penitentiary; and this being so, he was entitled to his discharge from imprisonment on the 7th day of September, 1899, the day this writ was issued.

It is admitted by respondents that if the petitioner is entitled to five days commutation for every month since he has been in the penitentiary, he was entitled to his discharge from imprisonment on the 7th day of September, 1899, as he con-

tends.     But respondents deny that he is entitled to said commutation, and deny that he is entitled to be discharged from said imprisonment.

The petitioner contends that the nature and grade of his offence is not changed by either one of the acts of commutation; that the penalty or punishment only is lessened by the clemency of the Governor, acting under the power conferred upon him by Article III, sec. 6, of the Constitution; that the Act of 1899 is retroactive and that he is entitled to five days commutation under this act for every month he has been confined in the penitentiary since he first entered the same.

Doubtless the grade of the crime of which he was convicted is not changed, but the punishment is.     He is now a prisoner for a term of years and this satisfies the requirement of the statute.     And it seems to us, if the reasoning of the petitioner is strictly followed, that he would be entitled to no statutory commutation, as there is no statute giving a prisoner, sentenced to death, a commutation on his time.     This favor is only extended to parties imprisoned for a *term of years*.     The statute (Code, sec. 3445) gave it to those *imprisoned for a term of years,* in case of good conduct, to be judged of by the penitentiary authorities—one day, two days, and then three days per month.     Chap. 379 of the Laws of 1885 increased this commutation to three days per month for the first three years, four days for the fourth year and five days per month after the fourth year.     Chap. 457 of the Laws of 1899 made it uniform, and increased it to five days per month, and repealed the former acts so far as they conflicted with the Act of 1899.     This act is entitled an act "to amend sec. 3445" and not an act to repeal that section.     The Act of 1899 went "into effect, from and after its ratification," and as there could not be two rules for commutation in force at one time, the Act of 1899 necessarily repealed that part of sec. 3445 in

conflict with it.   But as was proper this Act of 1899 expressly repealed that part of these former acts in conflict with the Act of 1899.   But these acts were in force until the passage of the Act of 1899, and rights and benefits that prisoners had acquired before that time were not taken away from them by the Act of 1899 ; even if it could be taken from them by the Legislature, it was not done.

The policy of the Legislature in passing this act was, as we suppose ,to induce convicts to submit to the government of the penitentiary authorities, and thereby to reduce the expenses and lessen the cost of controlling and guarding the prisoners.   But it did not and could not apply to prisoners for life ; their terms could not be shortened, as there was no limit to work to, until death, and then commutation would do them no good.   But no statutory commutation could be allowed except by legislation, and the statute allowing commutation expressly limited it to those *imprisoned for a term of years.*

And there seems to be the same reason for allowing commutation to prisoners whose sentences have been reduced to a term of years by the clemency of the Governor, as there is for extending it to those originally imprisoned for a term of years—that they may thereby be induced to be better prisoners.

It is said that the Governor in commuting the life sentence of the petitioner to a term of years (we have not his order, nor have we been furnished with a copy) said, "twelve years, subject to his right to commutation for good behavior."   And taking it that this was said by the Governor, it only expresses what we hold the law to be.   If it was not the law the Governor could not make it the law—he has no law-making power—and we can not suppose and do not suppose that he undertook to make any law applicable to the petitioner.   To show that he did not intend what the petitioner contends for,

it can not be supposed that when the Governor, on the 15th day of August, 1899, commuted the prisoner's life sentence to a term of imprisonment for twelve years, that he meant to say that he should be discharged on the 7th day of September, only 23 days thereafter. Had this been so, it seems to us that he would have discharged him then.

The view we take of this case compels us to disagree with the contention of the petitioner; that he is not entitled to anything under the statutory commutation acts, that he was not entitled to anything under the original sentence of death, but we have to hold that he is entitled to more now than he was then—that he is now entitled to the statutory commutation as a prisoner for years.

The discussion of this case leads us to the following conclusions:

1. That a prisoner for life is not entitled to the *statutory* commutation, contained in the Act of 1899, or in the statute of 1885 or in sec. 3445 of The Code.

2. That a prisoner whose term has been commuted from a life sentence to a term of years is entitled to the *statutory* commutation contained in these statutes, from and after the date of such commutation.

3. That the Act of 1899 was amendatory of the former acts, and only changed the rule by which *statutory* commutations should be determined, after its passage.

4. That the passage of the Act of 1899 did not deprive —take away from prisoners the *statutory* commutation they had earned up to the time of its passage, but that they are still entitled to the same, and also to what they may be entitled to under the Act of 1899; that what they had earned before the passage of the Act of 1899 and what they have earned under the Act of 1899 may be added together to entitle them to a discharge, if, by so adding, they are entitled to

the same; that is, if, by so adding, they complete the term of years for which they are imprisoned.

Applying these rules, it is seen that the petitioner is not entitled to his discharge, and the judgment appealed from is affirmed.