MEYERS *v.* JACKSON.

CRIMINAL LAW—SENTENCE—COMMUTATION OF SENTENCE—DATE OF
EXPIRATION.
  A prisoner whose life sentence was commuted by the governor
    to expire 15 years from date of sentence is not entitled to
    any reduction of sentence for good behavior under 1 Comp.
    Laws 1915, § 1732, in force when he was sentenced, since
    the date of expiration is fixed by executive order, and the
    statute has no application.

*Habeas corpus* proceedings by Charles Meyers
against Harry H. Jackson, warden of the Michigan
State prison, to obtain his discharge from imprison-
ment. Submitted February 6, 1929. (Docket No.
169, Calendar No. 34,179.) Petition denied March 28,
1929.

*Seymour A. Jacobs,* for plaintiff.

*Wilber M. Brucker,* Attorney General, and *M. M.
Larmonth,* Assistant Attorney General, for defend-
ant.

POTTER, J. Plaintiff brings *habeas corpus* against
defendant to obtain discharge from the Michigan
State prison. July 31, 1917, plaintiff was convicted
of murder and sentenced to Michigan State prison
for life. December 31, 1926, the governor commuted
his sentence "so that the same will expire 15 years
from date of sentence."
  Section 1732, 1 Comp. Laws 1915, as amended by
Act No. 256, Pub. Acts 1921 (Comp. Laws Supp.
1922, § 1732) provides that prisoners who conform

to prison discipline and against whom no infraction of the rules shall be recorded "shall be entitled to a reduction from his minimum sentence as follows: * * * up to and including the period fixed for the expiration of the sentence." When plaintiff was sentenced, section 1732, 1 Comp. Laws 1915, was in force. It provides that those who do not offend against the rules of prison discipline and who have no infractions of the rules of the prison or the laws of the State recorded against them, "shall be entitled to a reduction from his sentence as follows: * * * up to and including the period fixed for the expiration of the sentence."

Obviously, the question of good time applies only to those where the date of expiration of sentence is fixed. Plaintiff was sentenced to imprisonment for life. The period of his imprisonment was not fixed. There is no provision in the statute whereby a prisoner sentenced to imprisonment for life, without parole or commutation of sentence at an earlier period, may be discharged. Commutation of sentence is a matter of executive clemency. When the governor exercised that clemency he commuted the sentence of plaintiff "so that the same will expire 15 years from date of sentence." The meaning of this language is plain and unambiguous. *In re Hall,* 34 Neb. 206 (51 N. W. 750). To construe the commutation in accordance with the contention of counsel for the plaintiff, would be a palpable violation of that elementary rule of construction, namely,—that effect will be given, when possible, to all the terms and conditions of the instrument in question. The date of expiration of plaintiff's sentence is fixed by executive order at 15 years from date of sentence. Plaintiff, if he accepts the benefit of the commutation granted, must accept it in accordance with the

terms imposed by the executive authority granting it.

Petition is denied.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MC-DONALD, and SHARPE, JJ., concurred. WIEST, J., concurred in the result.