15472

PITTMAN v. RICHARDSON, SUPERINTENDENT OF THE
SOUTH CAROLINA STATE PENITENTIARY

(23 S. E. (2d), 17)

*Messrs. Royall & Wright,* of Florence, appeared as Counsel for Petitioner.

*Attorney General John M. Daniel* and *Assistant Attorneys General T. C. Callison* and *M. J. Hough* appeared for the State, Respondent.

November 27, 1942.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE FISHBURNE.

On July 8, 1938, the petitioner, R. G. Pittman, having been convicted of murder with recommendation to mercy, was sentenced to life imprisonment in the State penitentiary. Thereafter, on July 28, 1938, he commenced serving his term, and he has ever since been in prison. On the 25th day of February, 1942, the Honorable J. E. Harley, the then Governor of South Carolina, exercising the constitutional power vested in him, commuted the sentence from life imprisonment to expire on December 31, 1942. This

commutation reads as follows: "Sentence of R. G. Pittman is commuted to expire December 31, 1942."

It appears that during the time of the petitioner's imprisonment his conduct has been exemplary, and, if his sentence had originally been fixed to terminate on December 31, 1942, he would now be entitled to his liberty under the law relating to the diminution of sentence by reason of good conduct while in prison. The petitioner, who is a first offender, has filed in the original jurisdiction of this Court an application for a writ of habeas corpus, seeking to obtain his release from the South Carolina Penitentiary before December 31, 1942, upon the theory that Act No. 916 of the Acts of 1938, page 1833 (now Section 1578, 1942 Code), entitles him to a deduction of 30% for good behavior, computed from February 25, 1942, the date of commutation, to December 31, 1942.

Our statute reads as follows: "Any person, now or hereafter serving a sentence imposed by any court of competent jurisdiction, life sentence excepted, either in the state penitentiary or any county jail, or upon the public works of any county, shall be entitled to have one-fifth of such sentence deducted at the end thereof for good behavior, and in case any such person has not theretofore been adjudged guilty of any crime against the laws of this State, or of any other State in this union, or of the United States, in lieu of a credit of one-fifth of such sentence, he shall be entitled to have a credit of thirty (30%) per cent of such sentence deducted at the end thereof for good behavior. * * * Provided, further, that the provisions of this section shall also apply to persons whose sentences have been commuted, and in computing the time to be credited on the sentence as commuted, the basis shall be on the record of the prisoner from the date of commutation."

The contention of the State is that the petitioner, having been sentenced to life imprisonment, is not entitled to any deduction at all for good behavior under the express terms of the statute, which, it is argued, excludes "life termers"

from its application; and, for the further reason, that the commutation of the sentence fixed a definite date on which the prisoner was to be given his freedom, to wit: December 31, 1942. With reference to this latter ground, it is urged that to release the petitioner prior to December 31, 1942, would constitute an infringement upon the pardoning power of the chief executive in violation of Article IV, Section 11, of the Constitution of South Carolina.

We first consider whether the statute, Section 1578, 1942 Code, excludes from its operation one sentenced to life imprisonment who has subsequently had his sentence commuted by the pardoning power to a less punishment.

It is well settled that a commutation of a sentence is a substitution of a less punishment for a greater punishment. After commutation, the sentence has the same legal effect, and the status of the prisoner is the same as though the sentence had originally been for the commuted term. The commuted sentence is the only one in existence, and the only one to be considered. *State v. Wolfer*, 127 Minn., 102, 148 N. W., 896, L. R. A., 1915-B, 95 and note; *In re Hall*, 34 Neb., 206, 51 N. W., 750; *In re Victor*, 31 Ohio St., 206; 46 C. J., § 53, page 1199; 41 Am. Jur., § 44, page 918; 39 Am. Jur., § 63, page 559.

The view of the State is that under the statute the status of one originally sentenced to life imprisonment is forever fixed and changeless, and even though his sentence be commuted he is not entitled to any benefits flowing from the Act. This position is untenable. We find no warrant in the language of the law for the construction maintained by the State. The chief executive, in whom is vested the power in the State to grant reprieves, commutations and pardons, may at any time in his judgment and discretion commute the sentence of a life prisoner to a less term, and when this is done the status of such prisoner is automatically changed. Under such circumstances we can see no sound reason for holding that a prisoner sentenced

to a life term, and whose sentence has been commuted, is not included in the operation of the statute and entitled to a deduction from his sentence for good behavior.

It seems to us clear that the proviso appended to the statute places the question beyond doubt. It is therein provided that the provisions of the law "shall also apply to persons whose sentences have been commuted, and in computing the time to be credited on the sentence as commuted, the basis shall be on the record of the prisoner from the date of commutation." It does not follow, however, from what we have said, that the petitioner is entitled to his freedom prior to December 31, 1942, which is the date of expiration of the sentence fixed by the Governor

Ordinarily, a prisoner is entitled to a diminution of his sentence for good conduct in case of a commutation of his sentence where the commutation is to such a term of imprisonment as makes the statute applicable; but this right depends upon the terms of the commutation. Where it is apparent that the authority granting the commutation intended that no allowance for good conduct should be made, such intention should be given effect. 50 C. J., § 46, page 348. Cases illustrative of this principle are *Meyers v. Jackson,* 245 Mich., 692, 224 N. W., 356, where the commutation provided that the term "will expire 15 years from date of sentence"; and *In re Hall,* 34 Neb., 206, 51 N. W., 750, 751, where the commutation was to a certain number of "years of actual time." And see *In re Bogden,* 192 Cal., 163, 218 P., 1017.

We think that in this case the inference is inescapable that the chief executive in granting the commutation, intended that no allowance for good conduct should be made. In phraseology definite and certain the commutation provides that the "sentence of R. G. Pittman is commuted to expire December 31, 1942." In the case before us, the Governor fixed in his order of commutation the exact date for the sentence to expire, and it is our duty under such circumstances to give that intention full effect.

It therefore follows that the petitioner is not entitled to be released from the State penitentiary prior to December 31, 1942.

The writ is dismissed, and the petition denied.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and STUKES, and CIRCUIT JUDGE L. D. LIDE, ACTING ASSOCIATE JUSTICE, concur.