Allen Frank DAVIS *v.* James MABRY,
Director, Arkansas Department of
Corrections, et al

79-66                                   585 S.W. 2d 949

Opinion delivered September 17, 1979
(In Banc)

*Charles S. Gibson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Allen Frank Davis filed his petition for declaratory judgment and mandamus to the Director of the Arkansas Department of Corrections and the members of the Arkansas Parole Board. He asserted that they had wrongfully refused to consider him for parole because they had been advised by the Attorney General that he was ineligible. The trial court denied the writ and rendered a declaratory judgment that appellant was ineligible for parole. We disagree and reverse the judgment.

The following facts were stipulated:

That the Plaintiff was arrested, incarcerated in the Garland County Jail and charged with First Degree Murder on January 19, 1967, and the following sequence of events occurred on the date so indicated with respect to the criminal prosecution in the Circuit Court of Garland County, Arkansas, in the matter styled *"State of Arkansas* v. *Allen Frank Davis,* No. 12,827":

| | |
|---|---|
| January 30, 1967 | Plaintiff admitted to Arkansas State Hospital for observation |
| June 21, 1967 | Plaintiff returned to Garland County Jail |
| February 8, 1968 | Re-admitted under Court Order to Arkansas State Hospital |
| April 15, 1968 | Plaintiff returned to Garland County jail |

| June 17, 1968 | Plaintiff sentenced to death |
| June 18, 1968 | Plaintiff committed to Arkansas Department of Correction |
| December 29, 1970 | Plaintiff's sentence commuted to life imprisonment by executive clemency; |

That the Plaintiff has served in excess of fifteen years of which Plaintiff's credit for good time allowances does not exceed five years as contemplated by Ark. Stat. 43-2807(b)(2). (This is not a Stipulation that the cited Statute applies, only that if it does that Plaintiff has satisfied its requirements for parole eligibility).

The trial court held that the commutation of appellant's sentence was in effect a new sentence and that his parole eligibility must be determined by the law in effect at the time of the commutation—Act 48 of 1969, as amended by Act 94 of 1969. The amended act is digested as Ark. Stat. Ann. § 43-2807 (b) (Repl. 1977).

Appellant relies upon *State ex rel Murphy* v. *Wolfer, Warden,* 127 Minn. 102, 148 N.W. 896 (1914). The pertinent language from that opinion is:

*** It is well settled that a commutation of a sentence is a substitution of a less for a greater punishment. After commutation the commuted sentence is the only one in existence, and the only one to be considered. After commutation, the sentence has the same legal effect, and the status of the prisoner is the same, as though the sentence had originally been for the commuted term. *Johnson* v. *State,* (Ala.) 63 South. 163; *In re Hall,* 34 Neb. 206, 209, 51 N.W. 750, 5 Op. of Attys. Gen. (U.S.) 370); *Lee* v. *Murphy,* 22 Grat. (Va.) 789, 799, 12 Am. Rep. 563. . ."

Appellees agree with appellant as to the effect of the commutation on the sentence, citing, among others, *Scharff* v. *Tennessee,* 551 S.W. 2d 671 (Tenn. 1977); *Ex Parte Enriquez,* 490 S.W. 2d 546 (Tex. Cr. App. 1973); *Bowen* v. *Tennessee,* 488 S.W. 2d 373 (Tenn. 1972); *In re Hall,* 34 Neb. 206, 51 N.W. 750 (1892); cf. *In re McMahon,* 125 N.C. 38, 34 S.E. 193

(1899). We feel that the trial court erred as to the effect of the commutation. Although we have never passed upon this particular question, we have held that there is no good reason why the rule that a pardon must be construed most strongly against the state and most beneficially for the convicted person should not be applied to a commutation of sentence. *Williams* v. *Brents,* 171 Ark. 367, 284 S.W. 56. Such a construction requires that we follow the holdings of the courts of Minnesota, Tennessee and Texas as to the effect of the commutation of sentence.

The statute governing parole when appellant was sentenced on June 17, 1968, was Act 50 of 1968. Section 28 of that act provided that individuals thereafter sentenced to life imprisonment should be eligible for release on parole after having served 15 years of the sentence, with credit for good time allowances not exceeding 5 years. Appellees concede that, had the trial court found that the commuted sentenced related back to the date of the original sentence, and then applied Act 48 of 1969, as amended by Act 94 of 1969, the special provision digested as Ark. Stat. Ann. § 43-2807 (b) (2) would apply and appellant would be eligible for parole after having served 15 years of the sentence, with credit for good time not to exceed 5 years. Appellees contend, however, that appellant has suffered no prejudice by reason of the trial court's holding because his parole eligibility was governed by Act 93 of 1977, which was in effect at the time he sought consideration for parole.

We cannot agree with appellees. Act 93 of 1977 provides that eligibility for release on parole of persons who committed felonies prior to April 1, 1977, shall be determined in accordance with the parole eligibility law in effect at the time the crime was committed. The law in effect at the time of the commission of the crime of which appellant was convicted was Act 275 of 1953. Section 2 of that act (digested as Ark. Stat. Ann. § 43-2823 [Repl. 1964]) provides that no convict confined in the penitentiary is eligible for parole until he has served one-third of the time for which he was committed or of the time to which it has been commuted. Appellees reason that appellant was not prejudiced by the trial court's holding, because he will not be entitled to consideration for parole until his sentence has been commuted to a term of years.

Appellant has not specifically responded to this argument of appellees. It probably was not made in the trial court, although we cannot be certain about this. Appellant did, however, advance the argument that manifold problems in the area of ex post facto legislation would be encountered if parole laws at the time of commutation are applied rather than those existing at the time of sentencing. There is no doubt that a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law, in violation of Art. 2, § 17 of the Constitution of Arkansas. In that respect, we agree with the Supreme Court of Louisiana, which, relying upon *Ex parte Medley*, 134 U.S. 160, 10 S. Ct. 384, 33 L. Ed. 835 (1890), held that a change in parole statutes after the sentencing of one convicted of a crime which altered his situation to his disadvantage could not be relied upon to deprive him of the privilege of being considered for parole on the basis of the law at the time of his sentencing. The Louisiana court held that to do so would violate constitutional inhibitions against ex post facto laws. *State ex rel Woodward* v. *Board of Parole,* 155 La. 699, 99 So. 534 (1924). Act 93 of 1977 obviously is less favorable to appellant than the statute in effect on the date he was sentenced, and application of it rather than the statute in effect when appellant was sentenced would operate seriously to his disadvantage. We hold that the parole law which governed one under sentence to life imprisonment on the date appellant was sentenced to death is the statute to be applied to appellant's application for parole, if the application of a later statute would operate seriously to his disadvantage, as Act 93 of 1977 would, in this case. The fact that Davis is entitled to consideration for parole does not mean that he is entitled to parole.

The judgment of the trial court is reversed with directions to enter a judgment consistent with this opinion directing appellees to give consideration to appellant's application for parole.

Mr. Justice Holt did not participate.