Charles Joseph POE *v.* Vernon HOUSEWRIGHT,
Commissioner, Arkansas Department of
Corrections

80-191                                     601 S.W. 2d 577

Supreme Court of Arkansas
Opinion delivered January 26, 1981

*Matthew T. Horan* and *Carl W. Behner*, for appellant.

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty.
Gen., for appellee.

DARRELL HICKMAN, Justice. The question here is one of
statutory construction. The statutes in question relate to
eligibility for parole by inmates.

Charles Joseph Poe was convicted of burglary and grand larceny in 1976 and is serving twenty-one years on those charges. He claims that the Department of Correction determined wrongfully that he is not eligible for parole.

He sued the Department of Correction in Jefferson County Circuit Court, seeking a writ of mandamus. Both parties filed for summary judgment and relied on the same law. If Poe's interpretation of the law is correct he is entitled to be considered for parole after serving one-third of his time; if the Department of Correction is correct, he will not be eligible until he has served one-half of his time. The circuit court judge held for the Department and the same issue is now before us. We affirm the judgment.

Poe committed his crimes on December 29, 1975. He pled guilty and was sentenced on February 13, 1976. His sentencing took place two days after the General Assembly passed Act 1161 which related to eligibility for parole of individuals serving a term for years. Under Act 1161 an individual in Poe's situation had to serve one-half of his time before being eligible for parole.

The next year the General Assembly passed Act 93 of 1977. The purpose of this Act was to "Establish the parole eligibility for persons convicted of committing a criminal offense after April 1, 1977." However, Act 93 provided in Section 2 (A) that:

> Persons who *committed* felonies prior to April 1, 1977, and were convicted and incarcerated for the same, shall be eligible for release on parole in accordance with the parole eligibility law in effect at the time such crime was *committed*. [Emphasis added.]

It is this section that Poe argues changed his status. Before he committed the crime on December 29, 1975, before Act 1161 was passed, he claims he is eligible for parole under the provisions of Act 94 of 1969. This would allow him to be eligible for parole after serving only one-third of his time. If Section 2(A) controls, he is right and that is not disputed.

In summary, everyone concedes Poe was legally sentenced under a law that requires him to serve one-half his time, but if Section 2(A) is read literally, Poe's status was changed. Did the General Assembly intend that? This does not appear to be the intention of the General Assembly when you study both acts in their entirety, construe them together, and reconcile them if possible. *Larey* v. *Wolfe*, 242 Ark. 715, 416 S.W. 2d 266 (1967). This was not the intention if the statutes are to be given a common sense construction. *Dozier* v. *Ragsdale*, 186 Ark. 654, 55 S.W. 2d 779 (1932). Poe's position might prevail if repeal by implication were a favorite of the law, but it is not. *Shay* v. *Welch*, 209 Ark. 519, 191 S.W. 2d 253 (1945).

Act 93 of 1977 was intended to apply to persons convicted *after* April 1, 1977. That was its purpose, as stated in the Title:

> AN ACT to Establish the Parole Eligibility for Persons Convicted of Committing a Criminal Offense *After April 1, 1977*; and for Other Purposes. [Emphasis added.]

The meat of the Act is contained in Section 2(B).

> Persons who commit felonies on and after April 1, 1977, and shall be convicted and incarcerated for the same, shall be eligible for release on parole as follows:

It goes on to provide for terms which are more severe than those of previous acts for those persons who have prior convictions. The emergency clause says that the present laws do not adequately deter crime and that the habitual criminal should have his parole eligibility bear a direct relationship to the number of times he was convicted.

With those provisions in mind, we must determine whether the General Assembly intended to repeal Act 1161 as it was applied to Poe. He was legally sentenced under that law and knew he would have to serve one-half his time. Dia the General Assembly intend, in enacting a harsher law, for inmates already sentenced and serving to receive a lesser punishment?

That intent can only be reached by an approach using blinders, reading literally Section 2(A) and ignoring everything else. That approach can be used only if it is found that the acts cannot be reconciled. If the General Assembly intended to change the parole eligibility for those already convicted and serving a sentence, it would undoubtedly have said so.

Usually the parole laws applied are the ones that are in effect when a person is sentenced. Certainly a law could not be passed which would limit one's right to parole *after* he had been sentenced since this would violate the ex post facto provision of the constitution. *Davis* v. *Mabry*, 266 Ark. 487, 585 S.W. 2d 949 (1979). But that is not the case with Poe. He is not prejudiced by our decision.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I dissent because I feel the majority has applied a criminal law ex post facto and rendered an erroneous construction of another statute. When appellant committed the crime in 1975, the criminal statute or rules relating to parole was that he would have to serve one third of his sentence before becoming eligible for parole. The day before appellant was sentenced the General Assembly changed the law to require inmates in appellant's classifcation to serve one half of their sentence before being eligible for parole.

Acts of 1977, No. 93, Section 2 (A), states:

Persons who committed felonies prior to April 1, 1977, and were convicted and incarcerated for the same, shall be eligible for release on parole in accordance with the parole eligibility law in effect at the time such crime was committed.

An act of the General Assembly should be construed from the plain language used therein. Act 93 most most clearly states that persons who committed felonies prior to April 1,

1977, and were convicted and incarcerated would be eligible for parole in accordance with the law in effect at the time the crime was committed. Clearly appellant fell under the rule requiring him to serve one third of his time before being eligible for parole because such was the law at the time he committed the offense.

Act 1161 was passed after the appellant committed the crime for which he was incarcerated. It is true he was sentenced at a time when the parole eligibility was one half of a sentence in contrast to the one third which was in effect at the time of the commission of the crime. To me the more strict statute is clearly in violation of Art. 2 § 17 of the Constitution of Arkansas. I also think it is contrary to the general holding in *David* v. *Mabry*, 266 Ark. 487, 585 S.W. 2d 949 (1979). Therefore, I would reverse the trial court and hold appellant eligible for parole when he had served one third of his sentence.