David BOSNICK *v.* A. L. LOCKHART, Director,
Arkansas Department of Correction &
Arkansas Board of Pardons and Paroles

84-97                                               672 S.W.2d 52

Supreme Court of Arkansas
Opinion delivered July 16, 1984
[Supplemental Opinion on Denial of Rehearing
September 24, 1984.]

*Nussbaum, Newcomb & Hendrix,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Asst.
Att'y Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant was
convicted for a murder committed on December 31, 1968 and
sentenced to life in prison. On October 30, 1978, the
appellant escaped from prison, for which he was subse-

quently convicted and sentenced to an additional three years. The three year term was ordered to run consecutively to the life sentence already being served by the appellant. This appeal is before us under Sup. Ct. R. 29(1)(c) as it presents the interpretation of an act of the General Assembly.

When the appellant's first crime was committed, Act 50 of 1968, codified at Ark. Stat. Ann. § 43-2807 (Supp. 1971) was in effect. Under that act, appellant contends that he should be considered eligible for parole on the life sentence he is serving after fifteen years. Appellant further asserts that the three year consecutive sentence he is serving for escape cannot add more than three years to the time to serve before being eligible for parole. At the time of the appellant's escape from prison, Act 93 of 1977, codified at Ark. Stat. Ann. § 43-2828 *et. seq.* (Repl. 1977) was in effect. Appellee contends that this subsequent crime was committed in 1978 and therefore falls within the purview of Act 93 of 1977 and that the three year sentence received by him is added to his original life sentence and treated as a single commitment for parole eligibility purposes. The appellee asserts that under the 1977 act the appellant is not eligible for release on parole until his life sentence is commuted to a term of years by executive clemency. The appellee applied the 1977 act and refused to consider the appellant for parole. The appellant filed an action in the Jefferson County Circuit Court for declaratory judgment and a writ of mandamus directing the appellees to consider him for parole under the 1968 act. The trial court granted the appellee's motion for summary judgment and denied the requested relief. On appeal, we reverse.

The appellant contends that the application of the 1977 act is a violation of the ex post facto provisions of the Arkansas and U. S. Constitutions because that act was not in effect at the time his crime was committed. We agree.

We have said that "a parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law, in violation of Art.

2 § 17 of the Arkansas Constitution." *Davis* v. *Mabry, Director,* 266 Ark. 487, 585 S.W.2d 949 (1979); see also *Poe* v. *Housewright. Comm'ner,* 271 Ark. 771, 610 S.W.2d 577 (1981). The same rule applies to this situation. The 1977 parole eligibility act was not in effect when the appellant's first crime was committed. The fact that he committed a second felony after the passage of the act does not affect his parole eligibility for the first crime. The U.S. Supreme Court addressed this same issue in *Weaver* v. *Graham,* 450 U.S. 24 (1981). At issue there was a Florida statute which repealed an earlier statute and reduced the amount of "gain time" for good conduct that was deducted from a convicted prisoner's sentence. The Supreme Court found that the application of the new statute to the petitioner in that case was unconstitutional. The Court held:

> The ex post facto prohibition forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." (citations omitted) Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. (Cites omitted). . .

> In accord with these purposes, our decisions prescribe that two critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. . . . The presence or absence of an affirmative enforceable right is not relevant, however, to the ex post facto prohibition, which forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Thus, even if a statute merely alters

penal provisions accorded by the grace of the legislature, it violates the Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

. . .[I]t is the effect, not the form, of the law that determines whether it is ex post facto. The critical question is whether the law changes the legal consequences of acts completed before its effective date. . . . We have previously recognized that a prisoner's eligibility for reduced imprisonment is a significant factor entering into both the defendant's decision to plea bargain and the judge's calculation of the sentence to be imposed. . . .Second, we have held that a statute may be retrospective even it if alters punitive conditions outside the sentence.

For the reasons enunciated in *Weaver,* we hold that it was unconstitutional to apply the 1977 act retroactively to the appellant's first conviction. By this decision, we are not making a determination that the appellant is entitled to be paroled. What we are saying is that the appellant's parole eligibility for the first crime he committed must be determined by Act 50 of 1968, the law in effect at the time he was sentenced.

We reverse and direct the trial court to issue a writ of mandamus consistent with this opinion.

Reversed.

DUDLEY, J., not participating.

Supplemental Opinion on Denial of Rehearing
Delivered September 24, 1984

677 S.W.2d 292

P. A. HOLLINGSWORTH, Justice. In their petition for rehearing, the appellee argues that it is unclear from our opinion whether parole eligibility is determined under the parole law existing at the time of a defendant's sentencing or that existing *when the crime was committed.* Furthermore, the appellee states that our opinion is unclear as to the proper method for determining parole eligibility when, as in this appellant's case, consecutive sentences are imposed at different times. The petition for rehearing is denied because we are affirming our earlier holding. However, because the appellee's points have merit, we offer the following clarification.

Our decisions in *Davis* v. *Mabry, Director,* 266 Ark. 487, 585 S.W.2d 949 (1979) and *Poe* v. *Housewright, Comm'ner,* 271 Ark. 771, 610 S.W.2d 577 (1981) both provide that the parole law in effect when an appellant is *sentenced* is the statute to be applied to that appellant's application for parole. However, both the Legislature in Ark. Stat. Ann. § 43-2829 (Repl. 1977) and the United States Supreme Court in *Weaver* v. *Graham,* 450 U.S. 24 (1981) have indicated that parole status is more properly governed by the parole statute in effect *at the time the crime was committed.* We think that the latter is the law and to the extent that they are inconsistent with this viewpoint, we overrule both *Davis* and *Poe.* As we said in our original opinion, a parole statute less favorable to those sentenced prior to its passage than the law in effect at the time of sentencing is unconstitutional as an ex post facto law. Central to this argument is the lack of fair notice to a defendant of what parole law will govern his situation. By applying the law in effect when the crime was committed, any possible lack of notice to a defendant is eliminated. Therefore, that is the rule we adopt.

As to the determination of parole eligibility when

consecutive sentences are involved, Ark. Stat. Ann. § 43-2829 (E) provides that "For parole eligibility purposes, consecutive sentences by one or more courts, or for one or more counts, shall be considered as a single commitment reflecting the cumulative sentence to be served." In treating consecutive sentences as a single commitment, we hold that the parole eligibility statute governing the original sentence is the one that should control the cumulative sentence. Support for this position can be found in *Davis,* where we held that when a life sentence is commuted to a term of years, the parole statute in effect when the sentence was imposed governs rather than that in effect at the time of commutation. Again, this finding is consistent with the concept of fair notice to a criminal defendant.

Rehearing denied.