The Honorable James C. Luker State Representative P.O. Box 216 Wynne, AR 72396
Dear Representative Luker:
This is in response to your request for an opinion regarding Act 1116 of 1995. As you note, the act amends A.C.A. § 5-4-203 to provide for suspension of the driver's license of a defendant who defaults in the payment of a fine or costs or any installment thereof. See Acts 1995, No. 1116, § 1. Your specific question is whether the act can be employed against a defendant whose fine was imposed prior to the act's effective date.
It is my opinion that an attempt to apply the act retroactively in this manner would constitute a violation of the ex post facto provisions of the U.S. and Arkansas Constitutions. See Art. 1, § 10 and Art. 2, § 17, respectively. The Arkansas Supreme Court in the case of Bosnick v.Lockhart, 283 Ark. 206, 672 S.W.2d 52 (1984) (involving a parole eligibility act), quoted the following from the U.S. Supreme Court case of Weaver v. Graham, 450 U.S. 24 (1981):
 The ex post facto prohibition forbids the Congress and the States to enact any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." (Citations omitted.) Through this prohibition, the Framers sought to assure that legislative acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. (Cites omitted.)
* * *
 . . . [I]t is the effect, not the form, of the law that determines whether it is ex post facto. The critical question is whether the law changes the legal consequences of acts completed before its effective date.
283 Ark. at 208-209.
It is therefore my opinion that Act 1116 cannot constitutionally be applied to defendants whose offenses occurred prior to its enactment. It should be noted that the act does not, on its face, purport to have retroactive effect. The act is not unconstitutional on its face. Rather,application of the act to prior offenses would, in my opinion, be unconstitutional. See also generally Op. Att'y Gen. 91-053 (concluding that the ex post facto prohibition extends to a proposed bill that would retroactively apply new fees, penalties or court costs to defendants committing offenses prior to enactment of the bill).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh