Ross DUNCAN *v.* STATE of Arkansas

CR 97-1060                          987 S.W.2d 721

Supreme Court of Arkansas
Opinion delivered April 15, 1999

*Craig Lambert,* for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

P ER CURIAM. In 1988, the appellant, Ross Duncan, was convicted of possession of a controlled substance with intent to deliver and was sentenced to a term of forty years' imprisonment. At the time of Duncan's conviction, inmates in the Department of Correction could earn "good time" credits that could be applied toward the reduction of their sentences. One form of good time credit was awarded automatically by the Department to prisoners who were classified into one of four categories. The other form of good time credit was discretionary meritorious good time, or "extra good time," which could be awarded if a prisoner, among other things, completed rehabilitative programs or performed special jobs. In 1993, however, the General Assembly passed Acts 536 and 558. Both of these acts, which became effective on January 1, 1994, repealed "extra good time."

On December 6, 1996, Duncan filed a petition for declaratory judgment and a petition for writ of mandamus in the Circuit Court of Jefferson County. In the petition, Duncan asserted that he was entitled to "extra good time" that accrued since January 1, 1994, but that his requests to have the time applied toward his release date were denied by the Department of Correction. He requested that the Circuit Court, through the writ of mandamus, compel the Department of Correction to apply the accrued time toward the computation of his release date. The Circuit Court denied the petition. Duncan now appeals that order and contends that the retroactive application of Acts 536 and 558 of 1993 to inmates who were incarcerated prior to January 1, 1994, is unconstitutional because it violates the *Ex Post Facto* Clause. We find that our opinion in *Ellis v. State*, 333 Ark. 200, 968 S.W.2d 609 (1998), in which we held that the retroactive application of the 1993 acts does not violate the *Ex Post Facto* Clause is controlling. Accordingly, we affirm.

Article 1, § 10, of the United States Constitution provides that "(n)o state shall . . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts. . . ." Arti-

cle 2, § 17, of the Arkansas Constitution similarly provides, "No . . . ex post facto law . . . shall ever be passed. . . ." A law is in violation of the *Ex Post Facto* Clause if it is retroactive and it disadvantages the accused by altering the definition of criminal conduct or by increasing the punishment for the crime. *Calder v. Bull*, 3 Dall. 386 (1798); *Beazell v. Ohio*, 269 U.S. 167 (1925). *See also Collins v. Youngblood*, 497 U.S. 37 (1990); *Lynce v. Mathis*, 519 U.S. 433 (1997).

On appeal, Duncan argues that the retroactive application of Acts 536 and 558 violates the prohibition against *ex post facto* legislation because it disadvantages him by denying him the opportunity to earn good time toward the reduction of his sentence. We were confronted with this precise issue in *Ellis v. State*, and we held that the *Ex Post Facto* Clause does not prohibit the retroactive application of a measure that disadvantages an accused by denying him only the opportunity to reduce his sentence.

In *Ellis*, we analyzed recent decisions by the United States Supreme Court and concluded that the *Ex Post Facto* Clause prohibits the retroactive application of legislative acts that disadvantage the accused in the form of altering the definition of criminal conduct or increasing the penalty by which a crime is punishable. We recognized that the decisions of the Supreme Court held that where meritorious good time is awarded automatically, the retroactive application of a statute that repealed that form of good time actually operated to increase an inmate's sentence and, therefore, violated the *Ex Post Facto* Clause. We also concluded that where the award of good time is discretionary, as it is in the case of "extra good time," the disadvantage suffered by the inmate is in the form of a lost opportunity to earn good time toward the reduction of his sentence. We held that such a disadvantage was not prohibited by the *Ex Post Facto* Clause. Therefore, the Circuit Court did not err when it denied Duncan's petition for declaratory relief and his petition for a writ of mandamus.

Affirmed.