The Honorable Terry Smith State Senator 101 Hal Court Hot Springs, Arkansas 71901-7770
Dear Senator Smith:
I am writing in response to your request for an opinion on the following:
 Act 1034 of 2005 amended Arkansas Code § 16-93-611 to make certain persons prospectively eligible for an award of meritorious good time under the seventy-percent (70%) rule. The pertinent provisions of § 16-93-611, as amended by Act 1034, provide as follows:
 (3)(A)(i) For offenses committed on or after August 12, 2005, the seventy-percent provision under subdivision (a)(1) of this section shall include credit for the award of meritorious good time under § 12-29-201 to any person who is found guilty of or pleads guilty or nolo contendere to manufacture of methamphetamine under § 5-64-401(a)(1) or possession of drug paraphernalia with the intent to manufacture methamphetamine under § 5-64-403(c)(5).
 (ii) For offenses committed on or after August 12, 2005, the seventy-percent provision under subdivision (a)(1) of this section may include credit for the award of meritorious good time under § 12-29-202 to any person who is found guilty of or pleads guilty or nolo contendere to manufacture of methamphetamine under § 5-64-401(a)(1) or possession of drug paraphernalia with the intent to manufacture methamphetamine under § 5-64-403(c)(5), unless the person is sentenced to a term of life imprisonment.
 (B) In no event shall the time served by any person who is found guilty of or pleads guilty or nolo contendere to manufacture of methamphetamine under § 5-64-401(a)(1) or possession of drug paraphernalia with the intent to manufacture methamphetamines under § 5-64-403(c)(5) be reduced to less than fifty percent (50%) of the persons original sentence. (Emphasis added)
 If an act provided that the seventy-percent (70%) provision of § 16-93-611(a)(1) may include credit for an award of meritorious good time under §§ 12-29-201
and 12-29-202 to any person who was found guilty of or pleads guilty or nolo contendere to manufacture of methamphetamine under § 5-64-401(a)(1) or possession of drug paraphernalia with the intent to manufacture methamphetamine under § 5-64-403(c)(5) prior to, on, or after the effective date of the act, would the act be constitutionally suspect?
 Stated differently, would an act be unconstitutional if the act allowed a retroactive award of meritorious good time to persons who were sentenced prior to the effective date of the act and who, at the time of sentencing, were subject to the seventy-percent (70%) provision of § 16-93-611(a)(1)?
RESPONSE
I cannot definitively opine on a hypothetical act. The specific wording of such an act would need to be examined for a full constitutional analysis. Generally, however, in my opinion, I can discern no ex post facto prohibition against the act that you propose.
Specifically, A.C.A. § 16-93-611(a)(1) states in pertinent part:
 (a)(1)Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or pleads guilty or nolo contendere to subdivisions (a)(1)(A)-(G) of this section shall not be eligible for parole or community punishment transfer, except as provided in subdivision (a)(3) or subsection (c) of this section, until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced . . . [.]
Id. (emphasis added). Meritorious good time is governed by A.C.A. § 12-29-201 through -205 (Repl. 2003 Supp. 2005). Meritorious good time operates to reduce the length of time required to be served in prison before an inmate is eligible for either transfer to a community correction program or eligible for parole.[1] See A.C.A. § 12-29-201 (Repl. 2003).
You ask whether an act awarding retroactive meritorious good time would be constitutional. As stated by the Arkansas Supreme Court:
 The only express provisions in the Federal Constitution against retroactive laws forbids Congress to pass ex post facto laws or bills of attainder, Article I, § 9, No. 3, and forbid states to pass ex post facto laws, bills of attainder, or laws which impair the obligation of contract, Art. I, § 10, No. 1. Article 2, § 17 of the Arkansas Constitution also applied to bills of attainder, ex post facto laws, and laws which impair the obligation of contracts. Many types of retroactive laws are not covered by these express prohibitions.
Forrest City Machine Works v. Aderhold, 273 Ark. 33, 40,616 S.W.2d 720 (1981). Other constitutional concerns, including due process issues, may arise from the language of a retroactive enactment, especially in a civil law context.[2] Weaver v.Graham, 450 U.S. 24, 29 at fn.13 (1981). Because the hypothetical bill in your request for an opinion concerns criminal law and because you have not specified any particular language of the hypothetical bill, other than the fact that it would be retroactive, I will not address the "vested rights" analysis used in evaluating the constitutionality of a retroactive law under the due process clause. See n. 2,supra. Additionally, the bill you posit implicates neither the impairment of contracts clause nor the bill of attainder clause. I will, therefore, address potential ex post facto concerns.
The Arkansas courts have often repeated the standard that the law of parole as it exists at the time of the commission of a crime is to apply to the individual convicted of the crime. See, e.g.,Boles v. Huckabee, 340 Ark. 410, 412, 12 S.W.3d 201 (2000) (citing Woods v. Lockhart, 292 Ark. 37, 727 S.W.2d 849 (1987));McGhee v. State, 82 Ark. App. 105, 108, 112 S.W.3d 367 (2003) (citing Bosnick v. Lockhart; 283 Ark. 206, 672 S.W.2d 52
(1984)); and Op. Att'y Gen. 2001-386 at fn. 2 (citing Boles,supra). On its face, this would appear to prohibit an act retroactively granting an award of meritorious good time. Such an award would have the effect of altering the parole eligibility date of an offender from the date determined by the law in effect at the time of commission of the crime. In researching this point of law, however, it becomes apparent that it is largely dictated by potential violations of the constitutional prohibitions on expost facto laws. Bosnick v. Lockhart, 283 Ark. 206,672 S.W.2d 52 (1984) (supplemental Opinion on Denial of Rehearing) (Specifically rejecting that the law of parole at the time of sentencing is to apply and adopting the standard that the law of parole in effect at the time of commission of the crime is to apply to address notice standards under an ex post facto
analysis).[3] In short, this point of law appears to be an impediment only if the act proposed in your request for an opinion violates the prohibition on ex post facto laws.
The proposed legislation in your request for an opinion would not violate the ex post facto prohibition of either Article 1, § 10
of the United States Constitution or Article 2, § 17 of the Arkansas Constitution because it would inure to the benefit of those affected. A law violates the ex post facto prohibition when it is retroactive and it "disadvantages the accused by altering the definition of criminal conduct or by increasing the punishment for the crime." Ellis v. Norris, 333 Ark. 200, 203,968 S.W.2d 609 (1998) (citations omitted). The hypothetical act you propose does not change the definition of criminal activity in violation of the ex post facto clause. In addressing good time provisions and the ex post facto prohibition, the Arkansas Supreme Court has held that there is no prohibition on repealing an "extra good time" statute that allowed an inmate the opportunity to earn additional and discretionary accrual of good time. Ellis, supra; see also Duncan v. State, 337 Ark. 306,987 S.W.2d 721 (1999). By contrast, the United States Supreme Court has held that automatic good time, good time that is awarded equally based on the classification of the inmate, may not be repealed without violating the ex post facto prohibition of the United State's Constitution. Weaver, supra. The bill you posit acts in an opposite manner from the acts at issue in the cases cited above. Instead of removing the availability of good time in determining a parole eligibility date, the bill would allow the use of good time to hasten the parole eligibility date where it was not allowed before.
The act would not increase the punishment for a crime retroactively but would inure to the benefit of an inmate by allowing a good time calculation to hasten the inmate's eligibility date for transfer to a community corrections facility or for parole. The legislative action you suggest would not be an unconstitutional ex post facto law in my opinion.
While I am unable to opine on the constitutionality of a hypothetical bill, in my opinion, there is no ex post facto
violation for a bill to retroactively allow meritorious good time to be awarded to individuals who were sentenced prior to the effective date of the amendment and were at that time subject to the seventy percent provision of the statute. A more thorough analysis of potential constitutional concerns would require an examination of the specific language used in such a bill.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
 MIKE BEEBE Attorney General
MB:JMD/cyh
[1] In this respect, while I will refer to "parole" throughout the opinion, this opinion may be read to apply to the use of meritorious good time to compute the eligibility date for either parole or transfer.
[2] In Weaver, infra, the United States Supreme Court noted that the lower court had incorrectly applied the "vested rights" analysis, ordinarily used in analyzing a due process challenge to a retroactive law, to the ex post facto claim asserted inWeaver. The "vested rights" analysis for analyzing a retroactive enactment in the due process context is not the appropriate analysis for an ex post facto claim. Id.
[3] Specifically, the Court stated:
 Our decisions in Davis v. Mabry, Director . . . and Poe v. Housewright, Comm'ner . . . both provide that the parole law in effect when an appellant is sentenced is the statute to be applied to that appellant's application for parole. However, both the Legislature in Ark. Stat. Ann. 43-2829 (Repl. 1977) and the United States Supreme Court in Weaver v. Graham . . . have indicated that parole status is more properly governed by the parole statute in effect at the time the crime was committed. We think that the latter is the law and to the extent that they are inconsistent with this viewpoint, we overrule both Davis and Poe. As we said in our original opinion, a parole statute less favorable to those sentenced prior to its passage than the law in effect at the time of sentencing is unconstitutional as an ex post facto law. Central to this argument is the lack of fair notice to a defendant of what parole law will govern his situation. By applying the law in effect when the crime was committed, any possible lack of notice to a defendant is eliminated. Therefore, that is the rule we adopt.
Bosnick, supra. (Citations omitted).