Josephine Linker Hart, Justice, dissenting. In my view, Harold Eugene Rogers’s petition established that he pled a justicia-ble issue. In his Petition and brief, Rogers relied on Bosnick v. Lockhart, 283 Ark. 206, 672 S.W.2d 52 (1984), which, as in the case before us, involved a petition for declaratory judgment and writ of mandamus. In Bosnick, a prisoner serving a life sentence escaped. After he was apprehended, he received a three-year sentence for the escape, set to run' consecutive to his life term. The Department of Correction (ADC) calculated Bosnick’s parole eligibility in accordance with Act 93 of 1977, that had been passed after his life sentence had been imposed but before his sentence for |fiescape. The Bosnick court held that such a scheme violated the Ex Post Facto Clause of the Constitution. The Bosnick court also issued a writ of mandamus compelling the ADC to properly calculate and credit him with the correct parole eligibility date. Bosnick proscribed the type of parole eligibility calculation to which Rogers believed he was being subjected. Because Rogers’s petition essentially asserted the same facts upon which the Bosnick court held were sufficient to grant relief, stare decisis dictates that Rogers’s pleadings established a justiciable controversy. Summary dismissal of Rogers’s petition for failure to state a justiciable issue is permissible only if he failed to plead the requisite predicate facts necessary to establish his entitlement to declaratory judgment. See Crawford v. Cashion, 2010 Ark. 124, 361 S.W.3d 268 (per curiam) (affirming dismissal of a declaratory-judgment petition that did not plead sufficient facts to establish entitlement to a declaratory judgment). The circuit court’s conclusion is based on the response filed by the Arkansas Department of Correction (ADC) on June 29, 2016, rather than Rogers’s petition. The record reflects that on March 28, 2016, Rogers’s petition was notarized at the prison and that Rogers served his petition on the attorney general by U.S. Mail on March 30, 2016, At this time, Rogers had not received a parole hearing or a parole-eligibility date. Inexplicably, Rogers’s petition was not file-marked until May 31, 2016. By the time his petition was actually file-marked, he had received a parole hearing and was denied parole. However, Rogers’s Petition did not ask for a parole hearing. It sought a proper calculation of eligibility as required by Bosnick. Rogers attached several documents to his declaratory judgment petition asking the circuit court to find that the ADC had failed to properly calculating his parole-eligibility | ,date. He also asked the court to issue a writ of mandamus requiring the ADC to calculate his correct date for parole-eligibility, These exhibits included his 2016 re-sentencing order and documents that he received from the ADC. The latter included a letter dated February 27, 1985, informing him that his “life + 10 year sentence began on November 5,1973”, and that his “release date is controlled by [his] original sentence of life”; a letter dated March 4, 2016 informing him that his second offence, which he committed on March 8,1980, “falls under Act 93 which came into effect April 1, 1977”. Act 93 required him to “serve one half of [his] sentence before being parole eligible”. The pleading and the attached documents establishes that Rogers’s sought an order requiring ADC to comply with this court’s decision in Bos-nick. The purpose of a declaratory judgment is “to settle and to afford relief from uncertainty and insecurity with respect rights, status, and other legal relations”. Ark. Code Ann. section 16-lll-102(b) (Repl. 2016). Each of these requirements is met by Rogers pleadings. The Attorney General, representing the ADC, filed a response on June 29, 2016 praying that the circuit court deny Rogers relief and dismiss his petition. Although it did not address the issue presented, the ADC asserted that Rogers was now parole eligible and attached to the response was a document titled “Inmate Record Summary”, which showed that Rogers had been denied parole after a hearing on May 5, 2016. Significantly, this document shows that it was generated on June 7, 2016. It is not logical to suggest that Roger’s petition failed to establish a justiciable controversy when that assertion was based on a document that did not exist at the time Rogers drafted his pleadings. However, the majority side steps the issue by asserting that the petition is a request for a parole hearing. A | «parole hearing was not requested by the pleading that was summarily dismissed by the trail court. The circuit court’s finding of parole eligibility and dismissal of his petition for lack of a justiciable issue does not answer the issue presented by Rogers’s declaratory judgment petition. Neither the eligibility determination nor a finding that a parole hearing was held establishes whether the hearing related to only one sentence or both sentences for which Rogers was incarcerated. Likewise, whether Rogers’s parole hearing was based on ninety years plus ten or one hundred years is different from a hearing on the ninety years without granting a hearing on his second sentence of ten years. The interplay between the two sentences and the computation of eligibility is subject to different calculations by the ADC when they establish parole eligibility. Rogers’s petition alleges a miscalculation and appropriately seeks a writ of mandamus. Even so, on July 13, 2016, at 8:37 a.m,, the circuit court entered its order dismissing Roger’s petition with prejudice, because Rogers had received a parole hearing and therefore, had failed to state a justiciable issue. However, I cannot subscribe to the majority’s logic that Rogers’s failure to respond to the ADC’s pleading is grounds for disposing of this case. Rogers did respond in a timely manner on July 13, 2016. While the circuit court made a summary disposition by order filed July 13, 2016, the court failed to provide Rogers with notice of its intention as required by Arkansas Rule of Civil Procedure 56. The court’s failure to consider Rogers’s response is troubling, particularly so, since his response to the ADC suggests that the time calculations by ADC treats his two sentences separately. Exhibit F to his pleadings provides a minimum release date on the 1973 sentence as 12/08/2021 and exhibit E, a separate document, relates 19to his second offense of 1980 and establishes his sentence beginning date as 12/08/2021. Neither, the documents nor Rule 56 was considered by the trial court or this court in the dismissal of Rogers petition. Absent evidence explaining how ADC calculated the two sentences as required by Bosnick, we cannot determine the merits of Rogers’s petition, and therefore I would reverse and remand for further proceedings.