Pursuant to the Memorandum filed herein this day,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss Count II of plaintiffs' complaint be and is granted and plaintiffs' Count II will be dismissed unless, within fourteen (14) days of this date, plaintiffs amend Count II to affirmatively plead compliance with § 13 of the Securities Act of 1933, 15 U.S.C. § 77m.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction be and is denied.

David SCHWINDLIG, Plaintiff,

v.

Melba SMITH, Records Supervision, Cummins Unit, Arkansas Department of Correction, and Steven Clark, Attorney General, State of Arkansas, Defendants.

No. PB–C–84–269.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 12, 1984.

David Schwindlig, pro se.

Randall Miller, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

This case comes before the Court on defendants' motion to dismiss. Defendants contend that the proper avenue for plaintiff to challenge his parole eligibility classification is a petition for habeas corpus, rather than suit under 42 U.S.C. § 1983. Defendants further contend that plaintiff is not being deprived of his civil rights, and therefore has failed to state a claim upon which relief can be granted. These two arguments must be addressed separately.

■ It is true that when a state prisoner challenges the fact or duration of his physical imprisonment, and seeks immediate release or a speedier release, his sole remedy is by writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Here, however, the issue is one of classification for parole eligibility. The fact that one is classified as eligible for parole does not necessarily mean that he will be released from prison before his sentence is served. Release is therefore not the issue. The issue is plaintiff's claim that he is being denied due process of law and/or is being subjected to *ex post facto* punishment by being classified as a fourth offender for parole eligibility purposes, when he was tried, convicted, and sentenced as a first offender. Suit under 42 U.S.C. § 1983 is the proper avenue to seek redress of a deprivation of civil rights such as is alleged here.

Defendants argue that even if 42 U.S.C. § 1983 is the proper avenue for relief in a case such as this, plaintiff is not being deprived of his civil rights. Plaintiff takes the position that it is a violation of due process, and of the prohibition against *ex post facto* laws, for him to be classified as a fourth offender for purposes of parole eligibility, when he was tried, convicted and sentenced as a first offender for the offense for which he is presently incarcerated.

■ Plaintiff first argues that it is a denial of due process for Act 93 (codified at Ark.Stat.Ann. §§ 43–2828—2830 (Repl.

226

1977)) to be applied to him when he has not been judicially determined to be a habitual offender. Nothing in Act 93 requires that a prisoner have been adjudicated a habitual offender before the Act is applicable. Fourth offenders (plaintiff's classification) are defined as "inmates convicted of four or more felonies and who have been incarcerated in some correctional institution in the United States, whether local, state or federal, three or more times, for a crime which was a felony under the laws of the jurisdiction in which the offender was incarcerated, prior to being sentenced to a correctional institution in this State for the offense or offenses for which they are being classified." Ark.Stat.Ann. § 43–2828(4) (Repl.1977). Plaintiff does not deny that he fits the classification of fourth offender; he only denies that a judge has so determined. This does not invalidate his classification as a fourth offender for parole eligibility purposes.

Plaintiff next argues that Act 93 is a sentencing law, rather than merely a parole classification law. Such a position is clearly erroneous. Sentencing is the domain of the trial court. Parole is entirely within the control of the Parole Board, which is allowed to order parole "only for the best interest of society, not as an award of clemency; it shall not be considered a reduction of sentence or pardon." Ark.Stat.Ann. § 43–2808 (Repl.1977). A decision on parole eligibility does not affect sentencing. Such a decision can neither enlarge nor reduce the sentence determined by the trial court. Act 93 is a parole law, not a sentencing law.

Plaintiff next contends that Act 93 was intended to deal only with the offense for which a prisoner is presently incarcerated, not taking into account previous incarcerations. This argument is patently in error. The emergency clause enacted with Act 93 states that it is necessary to give Act 93 immediate effect, because "the present system of parole eligibility does not adequately deter crime, especially the habitual offenders, and ... such habitual offenders should have their parole eligibility

bear a direct relationship to the number of times they have been incarcerated" Ark. Stat.Ann. § 43–2830 note (Repl.1977). This Court can imagine no clearer expression of an intent to apply Act 93 to situations such as plaintiff's.

Plaintiff's final argument against the application of Act 93 to his situation is that his previous incarcerations were all prior to April 1, 1977, the date on which Act 93 became effective. Section 3 of the Act states that "It is the purpose and intent of this Act to establish the parole eligibility for persons who are convicted of felonies committed on and after April 1, 1977." Ark.Stat.Ann. § 43–2830 (Repl. 1977). Plaintiff is currently incarcerated for a felony committed after April 1, 1977. The fact that his previous incarcerations were before the effective date of Act 93 is irrelevant.

Plaintiff has established no constitutional violation sufficient to support an action under 42 U.S.C. § 1983. The motion to dismiss is therefore granted.