## Willie BLEVINS *v.* Larry NORRIS, Warden Maximum Security Unit

86-16                                    722 S.W.2d 573

### Supreme Court of Arkansas
### Opinion delivered January 20, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Willie Blevins filed a habeas corpus petition in the Circuit Court of Jefferson County where Tucker prison is situated and where Blevins is serving consecutive ten year sentences for burglary and theft. The Department of Correction had determined that because Blevins had a prior felony, his parole eligibility was delayed in accordance with Act 93 of 1977, which provides for the classification of convicted felons for purposes of parole eligibility based on the number of prior convictions. Blevins challenges the constitutionality of the act by a petition for a writ of habeas corpus.

The circuit court denied the petition and Blevins has appealed. He contends Act 93 is a bill of attainder and violates the

Constitutions of the United States and Arkansas. We affirm the trial court.

In *Bargo* v. *Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983), we said "habeas corpus petitions are restricted to the questions of whether the petitioner is in custody pursuant to a valid conviction or whether the convicting court has proper jurisdiction. *Mitchell* v. *State*, 233 Ark. 578, 346 S.W.2d 201 (1961)." The opinion states:

> Furthermore, in a similar case of *Webb* v. *Bishop*, 242 Ark. 320, 413 S.W.2d 862 (1967) we held that a habeas corpus petition was not the correct way to attack a revocation of parole. 'Such an attack must be by direct proceeding and not collateral, as was attempted by appellant Webb.' *Webb, supra.* See also *Davis* v. *Mabry*, 266 Ark. 487, 585 S.W.2d 949 (1979) where this court ruled upon an inmate's parole eligibility date after he had filed a petition for declaratory judgment and mandamus in circuit court.

More recently in *Baker* v. *Lockhart*, 288 Ark. 91, 702 S.W.2d 403 (1986) and *George* v. *State*, 285 Ark. 84, 685 S.W.2d 141 (1985), we said a habeas corpus petition must show a commitment is invalid on its face or the court lacked jurisdiction in order for a writ of habeas corpus to issue. The appellant makes no contention the court which convicted him was without jurisdiction, or that the judgment is facially invalid. His remedy, therefore, is not by habeas corpus.

Concerning the merits, appellant's identical argument was addressed by the District Court in *Schwindling* v. *Smith*, 596 F. Supp. 224 (E.D. Ark. 1984), where, as here, the petitioner did not controvert his status as a prior offender, but rather, argued that his classification under Act 93 had not been judicially determined. On appeal the Eighth Circuit Court of Appeals affirmed in these words:

> We see no constitutional infirmity in this procedure. Certainly judicial process is due process, but due process need not always include a determination by a court. If Schwindling wishes to attempt to show that he was in fact not convicted of three previous felonies, or that one or more of these convictions should not be counted against him for

present purposes the law of Arkansas provides a procedure for such a challenge. He can supply relevant documentation to the Department of Correction, and, if the Department still disagrees with him, he can bring suit to have his records corrected. See *St. John* v. *Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985). Thus, there is a forum available to Schwindling in which he can obtain a hearing and a reasoned determination whether the provisions of the parole-eligibility statute are being properly applied to him. The federal Constitution requires no more. (777 F.2d 431 (8th Cir. 1985)).

Affirmed.