Ronnie BIRCHETT *v.* STATE of Arkansas

CR 90-48 795 S.W.2d 53

Supreme Court of Arkansas
Opinion delivered September 17, 1990

*Craig Lambert*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. In September 1985, appellant was charged with first degree murder. At trial, in March 1986, he requested the court to instruct the jury on hindering apprehension or prosecution as a lesser included offense, and as a result, the jury found him guilty of hindering apprehension and sentenced him as a habitual offender to a term of forty years. On appeal, we affirmed. *Birchett* v. *State*, 291 Ark. 379, 724 S.W.2d 492 (1987).

Three years after his conviction, appellant filed this habeas corpus proceeding contending that the hindering apprehension crime for which he was convicted is not a lesser included crime of

first degree murder with which he was charged. He asserted that he had never been formally charged with the hindering apprehension offense, and therefore, the trial court had no jurisdiction to enter a conviction judgment for the "unrelated and uncharged" crime of hindering apprehension.[1] The trial court denied appellant's petition for writ of habeas corpus and upon review of that decision, we affirm.

 Recently, we had occasion to consider the narrow scope of the remedy available under habeas corpus proceedings and reiterated the settled rule that a petition for such a writ is only proper when it is shown that a commitment is invalid on its face or the court lacked jurisdiction. *Wallace* v. *Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989). It is also important to note that a writ of habeas corpus will not issue to correct errors or irregularities occurring at the trial since the remedy in such case is by appeal. *Goodman* v. *Storey*, 221 Ark. 308, 254 S.W.2d 63 (1952).

Unquestionably, the appellant here had been correctly charged with murder and the trial court, entering its conviction, clearly had jurisdiction over appellant's person as well as the criminal matter involved. Appellant's actual argument is that the trial court was somehow divested of that jurisdiction upon his requesting, and the court's granting, an erroneous instruction which resulted in his conviction of a different felony from the one charged, *viz.*, hindering apprehension instead of murder. We cannot agree.

As we have already pointed out, the trial court had both personal and subject matter jurisdiction of this case. While the court may have erred at trial by granting appellant's request to instruct the jury on hindering apprehension as a lesser included offense, this error would not take away the court's subject matter jurisdiction. Appellant could have appealed the trial court's ruling to determine whether the hindering apprehension instruction was erroneously given and reversible or whether he invited such error for which he could not complain. *See Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988). In other words, if the trial court erred in its decision or proceeded irregularly within its

---

[1] While appellant had three years to file a Rule 37 petition, he failed to do so.

assigned jurisdiction, as was the case here, the appellant's remedy was by direct action in the erring court or by appeal.

■ Because we conclude the appellant's commitment judgment is not facially invalid and the court entering it had jurisdiction of this cause, we affirm the trial court's denial of appellant's petition.