Cite as 2018 Ark. 8

# SUPREME COURT OF ARKANSAS

No. CV–17–486

| | |
|---|---|
| MICHAEL LEE GARRISON<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br>APPELLEE | **Opinion Delivered** January 4, 2018<br><br>PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF, ACCESS TO THE RECORD ON APPEAL, AND DUPLICATION OF APPELLANT'S BRIEF<br>[LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-17-22]<br><br><u>APPEAL DISMISSED; MOTION MOOT</u>. |

**SHAWN A. WOMACK, Associate Justice**

Appellant Michael Lee Garrison filed in the circuit court of the county where he was incarcerated a pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-101 to –123 (Repl. 2016), alleging the judgment-and-commitment order entered in his criminal case was facially invalid because the trial court gave an erroneous jury instruction regarding parole eligibility. The circuit court dismissed Garrison's habeas petition, finding that Garrison had failed to establish probable cause that he was being held illegally, that the trial court lacked jurisdiction, or that the commitment was invalid on its face. Now before the court is Garrison's motion for extension of brief time, access to the record on appeal, and duplication of appellant's brief. An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for a writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Williams v. Kelley*, 2017 Ark. 198. Because it is clear from the

record that Garrison failed to establish probable cause for the writ to issue, we dismiss the appeal, and the motion is therefore moot.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceeds under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *see Barber v. Kelley*, 2017 Ark. 214, at 3–4. A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. *See Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006). A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.* Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

In his petition for writ of habeas corpus, Garrison argued that the judgment-and-commitment order was rendered facially illegal, invalid, and unconstitutional. Specifically, Garrison contended that, when the trial court told the jury that he "could be eligible for

2

parole after serving one-third, or one-sixth, pursuant to a 'New Law' it told the jury an outright lie. . . . Simply put, the jury didn't want Petitioner to only serve one-sixth or less and therefore imposed a life sentence." Garrison further argued that the error in instructions given by the trial court was an error that should be corrected and that the trial court gave instructions on a Class C or D felony, which made his judgment-and commitment order "facially flawed" because the jury could not impose a life sentence for a Class C or D felony. Garrison also requested an evidentiary hearing.

The circuit court found that Garrison's claim that the trial court erred by "reading incorrect instructions to the jury" should have been addressed during the trial, on direct appeal, or in a timely Rule 37 petition. The circuit court further found that Garrison's life sentence for aggravated robbery was within the statutory range of punishment for the offense and that his judgment-and-commitment order was not facially invalid. The circuit court dismissed Garrison's habeas petition, finding that he had failed to state a claim on which relief could be granted; we agree.

None of Garrison's claims establish the facial invalidity of the judgment in his case or the lack of jurisdiction by the trial court. *See Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Garrison's assertions of defective jury instructions are allegations of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Williams v. Kelley*, 2017 Ark. 200, at 3, 521 S.W.3d 104, 107; *Mackey v. Lockhart*, 307 Ark. 321, 322, 819 S.W.2d 702, 703–04 (1991) (A habeas corpus proceeding does not afford a prisoner an opportunity to retry his case, and a writ of habeas corpus will not be issued to correct errors or irregularities that occurred at trial.). The remedy in such a case is a direct appeal. *Birchett*

3

*v. State*, 303 Ark. 220, 795 S.W.2d 53 (1990). Moreover, habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. *See Blevins v. Norris*, 291 Ark. 70, 71, 722 S.W.2d 573, 574 (1987).

Garrison was convicted of aggravated robbery pursuant to Arkansas Code Annotated section 5-12-103 (Repl. 1993), a Class Y felony, and sentenced to life imprisonment, which was affirmed by this court. *Garrison v. State*, 319 Ark. 617, 893 S.W.2d 763 (1995). The trial court instructed the jury that "[a]ggravated robbery is punishable by life imprisonment, or a term of years. . . Persons under sentence of life imprisonment are not eligible for parole." The trial court then proceeded to state the terms for parole eligibility if the jury sought to sentence Garrison to a term of years.

At the time Garrison committed the offense on or about November 1, 1993, Arkansas Code Annotated section 16-93-607 (1987) set forth the parole-eligibility requirements for felonies committed on or after April 1, 1993. Notwithstanding Garrison's claim that the trial court erred by giving an erroneous instruction on parole eligibility, Garrison was and is sentenced to life imprisonment, a sentence for which he is not eligible for parole, and his sentence has not been commuted to a term of years.[1]

Garrison's sentence of life imprisonment was neither illegal nor unauthorized. Garrison was not sentenced to a term of years, and a question regarding parole eligibility is

---

[1] Section 16-93-607(c)(1) stated that "[i]nmates sentenced to life imprisonment shall not be eligible for release on parole unless the sentence is commuted to a term of years by executive clemency. Upon commutation, the inmate shall be eligible for release on parole as provided for in this section."

not properly raised in a habeas petition. *Blevins*, 291 Ark. at 71, 722 S.W.2d at 574. Arkansas Code Annotated section 5-4-401(a)(1) authorized a term of imprisonment for a Class Y felony of ten to forty years or life, and Garrison did not dispute the sentencing range or that his sentence was outside the statutory limits. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Furthermore, he makes no challenge regarding his sentence except to argue that the trial court erred regarding its instructions to the jury, which, as stated previously, should have been a challenge he raised at trial or on direct appeal. *See Birchett*, 303 Ark. 220, 795 S.W.2d 53.

Regarding Garrison's claim that the trial court instructed the jury on a Class C or D felony and that the jury could not impose a life sentence for a Class C or D felony, a claim of trial error does not implicate the facial validity of the judgment or the jurisdiction of the trial court. *See Mackey*, 307 Ark. 321, 819 S.W.2d 702. From the record before this court, the colloquy Garrison relies on to make this claim was outside the hearing of the jury, and no such error occurred because the jury received no instructions regarding a Class C or D felony as demonstrated by the record. Garrison failed to establish probable cause for the writ to issue because he did not plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and failed to make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. *See Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Because Garrison failed to state a cognizable claim for the writ to issue, the circuit court did not err by not holding an evidentiary hearing on Garrison's habeas petition. *See Mackey*, 307 Ark. 321, 819 S.W.2d 702.

Appeal dismissed; motion moot.
HART, J., dissents.

5

**JOSEPHINE LINKER HART, Justice, dissenting.** I oppose dismissing Mr. Garrison's case—presumably on the merits—before his brief has even been filed. All this court has before it are three pro se motions: a motion for an extension of time to file his brief, a motion for access to the record of his criminal trial, and a motion seeking to have his brief duplicated at public expense. At this point in the appellate process, Mr. Garrison has not perfected his appeal, so it is improper for this court to decide—and dismiss—his case.

Dismissing Mr. Garrison's appeal before his brief has even been accepted by the court is, in effect, an unconstitutional denial of Mr. Garrison's access to the courts. The Arkansas Constitutions states:

> Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character; he ought to obtain justice freely, and without purchase; completely, and without denial; promptly and without delay; conformably to the laws
> .

Ark. Const. art. 2, § 13. The laws of this state guarantee Mr. Garrison the right to appeal. Ark. Const. amendment 80, § 13. I am mindful that our rules of appellate procedure allow for this court to dismiss an appeal if it is not perfected; it is within our constitutional authority to prescribe all rules of practice and procedure. Ark. Const. amend. 80 § 3. In doing so, this court establishes the parameters of an appellant's due-process rights. I will not join an opinion in which the majority ignores the very processes that we ourselves have prescribed.

I respectfully dissent.

6