KAREN R. BAKER, Associate Justice
This is an appeal from the dismissal of appellant Taurin A. Johnson's pro se petition for a writ of habeas corpus wherein Johnson alleged that his life sentence is illegal pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), which declared that mandatory life sentences are unconstitutional when the defendant is a juvenile at the time the offense is committed. Pending before this court is Johnson's pro se motion to file a belated brief.
An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for a writ of habeas corpus, will not be permitted to go forward when it is clear that the appellant could not prevail. Perry v. State , 2018 Ark. 14, 535 S.W.3d 264. Because it is clear from the record that Johnson cannot prevail, this appeal is dismissed, which renders the motion moot.
Under our statute, a petitioner for the writ who does not allege his or her actual *471 innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136. In his pro se petition for writ of habeas corpus, Johnson averred that he had pleaded guilty to first-degree murder and attempted first-degree murder and was sentenced to life imprisonment for the murder conviction.[1] Johnson contended that because he was seventeen when he committed first-degree murder, his life sentence is void pursuant to the holding in Miller . Johnson attached to his petition a file-marked copy of his judgment of conviction. The face of the judgment establishes that Johnson was born on August 11, 1975, and was under the age of eighteen when he committed the crime on January 21, 1993.
In Miller , 567 U.S. 460, 132 S.Ct. 2455, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole imposed on a defendant who was a juvenile when the offense was committed violates the prohibition on cruel or unusual punishment contained in the Eighth Amendment to the United States Constitution. However, when Johnson committed the offense, first-degree murder did not carry a mandatory sentence of life without parole. Rather, first-degree murder was classified as a Y felony that carried a sentence of not less than ten years nor more than 40 years or life. See Ark. Code Ann. §§ 5-10-102 & 5-4-401 (Repl. 1993). Thus, Johnson's life sentence was discretionary, and Johnson makes no other allegations challenging the legality of the sentencing proceedings following his guilty plea. Because a life sentence for the crime of first-degree murder was not mandatory, the holding in Miller is not applicable and does not render Johnson's life sentence facially illegal. See Brown v. Hobbs , 2014 Ark. 267, 2014 WL 2566091.
Further, we note that "in the Fair Sentencing of Minors Act of 2017, the Arkansas General Assembly amended Arkansas Code Annotated section 5-10-102 to provide that persons who were under the age of eighteen when they were convicted of first-degree murder shall be eligible for parole after serving a minimum of twenty-five years' imprisonment. Ark. Code Ann. § 5-10-102(c)(2) (Supp. 2017). The Act also amended Arkansas Code Title 16, Chapter 23, Subchapter 6 to provide that minors who were convicted of first-degree murder and sentenced prior to the passage of the Act are eligible for parole after twenty-five years of incarceration. Ark. Code Ann § 16-93-621(a)(2)(A) & (B) (Supp. 2017). The provisions make no distinction between life sentences that are mandatory and those that are discretionary." Lohbauer v. Kelley , 2018 Ark. 26, at 4-5, 2018 WL 654508. Because Johnson's sentence of life imprisonment now carries with it the possibility of parole, his contention that his sentence violates the requirements of Miller is incorrect. Accordingly, the circuit court did not err in dismissing his petition for writ of habeas corpus.
Appeal dismissed; motion moot.
Hart, J., concurs.
Mr. Johnson's appeal should be dismissed because he failed to timely file his brief, and he failed to allege good cause for this court to accept a late filing. However, I oppose "dismissing" Mr. Johnson's appeal on the merits before his brief has been filed. All this court had before it was Mr. Johnson's pro se motion for an extension *472 of time to file his brief, therefore Mr. Johnson had not perfected his appeal, and it is improper for this court to decide-and dismiss-his case.
As I noted in Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 (Hart, J., dissenting), deciding an appellant's appeal-on the merits-before his or her brief has even been accepted by the court is, in effect, an unconstitutional denial of Mr. Johnson's access to the courts. I am mindful that this practice has become routine when pro se appeals are filed by incarcerated persons. However, I refuse to engage in a practice that, in my view, does not comport with the constitution.
Furthermore, in this case, the majority's rationale for skipping over Mr. Johnson's failure to perfect his appeal to decide that he could "not prevail" is dubious at best. The circuit court's August 16, 2017 order purported to dismiss Mr. Johnson's habeas petition, in pertinent part, because "Act 539 cures any violations by the State." The circuit court was referring to Act 539 of 2017, the Fair Sentencing of Minors Act. In "dismissing" Mr. Johnson's appeal, the majority relies on this court's February 1, 2018 decision, Lohbauer v. Kelley , 2018 Ark. 26, 2018 WL 654508, which was handed down nearly a month after Mr. Johnson's brief was due, and for which the mandate did not issue until March 29, 2018. In essence, the majority has concluded that Mr. Johnson's appeal should not go forward because he failed to predict what this court would say in Lohbauer .
Moreover, Lohbauer is not quite the unassailable precedent that the majority implies. In Lohbauer , a divided court affirmed the denial of a habeas petition that was virtually identical to Mr. Johnson's. Five justices in Lohbauer , including one who dissented and one who concurred, agreed with language-arguably dicta -to the effect that the parole-eligibility provisions in the Fair Sentencing of Minors Act, codified as Ark. Code Annotated section 16-93-621(a)(2)(A) (Supp. 2017), acted to modify a facially valid sentencing order-issued by a court-in a way that completely bypasses the judiciary. I doubt that this scheme comports with the separation of powers.
I concur.

Johnson was sentenced to a concurrent sentence of 360 months for attempted murder.