KAREN R. BAKER, Associate Justice
Appellant Kyron Watkins appeals the dismissal of his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2016) in which he alleged that he was being illegally subjected to serving 70 percent of a fifteen-year enhancement pursuant to Arkansas Code Annotated section 16-90-120 (Supp. 2007). Watkins also has before the court a motion for belated brief, which was filed after the appellant's brief was tendered. We now grant the motion,[1] making the appeal ripe for our review. Because Watkins has failed to state a ground on which the writ could issue, the *910 circuit court's dismissal of the writ of habeas corpus is affirmed.
A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. Philyaw v. Kelley , 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). A habeas proceeding does not afford a prisoner an opportunity to retry his or her case, and it is not a substitute for direct appeal or postconviction relief. See Noble v. Norris , 368 Ark. 69, 243 S.W.3d 260 (2006). A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. Hobbs v. Gordon , 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. Id. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. Fields v. Hobbs , 2013 Ark. 416, at 2, 2013 WL 5775566.
On appeal, Watkins argues that his judgment-and-commitment order is invalid on its face and that the Arkansas Department of Correction (ADC) has a duty to execute his sentence in compliance with the law. Specifically, he contends that the "70% was illegal on its face and a violation of [the] probation (sic) against ex-post facto law for his charge [of a] commission of a felony with [a] firearm [pursuant to] A.C.A. § 16-90-120" and that the trial court failed to clarify if the firearm enhancement in the judgment-and-commitment order was "to be on 50% or 70% when it read enhanced with kidnap[.]" As he argued below, Watkins's basic contention centers on the fact that he believes he is being subjected to serve an excessive period of time because he is ineligible for parole until he serves 70 percent based on the fifteen-year enhancement pursuant to Arkansas Code Annotated section 16-90-120 (Supp. 2007). Watkins, having committed his offenses in April 2007, argues that subsection (e)(1)(A) does not apply because that subsection states that "[f]or an offense committed on or after July 2, 2007, ... any person who is sentenced under subsection (a) of this section is not eligible for parole or community correction transfer until the person serves [s]eventy percent (70%) of the term of imprisonment to which the person is sentenced under subsection (a) of this section...."[2]
Watkins's claims regarding the applicability of section 16-90-120 to his parole eligibility are not cognizable in a habeas proceeding. Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. See *911 Blevins v. Norris, 291 Ark. 70, 722 S.W.2d 573 (1987) ; see also Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136, reh'g denied (Feb. 22, 2018). Parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute. Johnson v. State , 2012 Ark. 212, 2012 WL 1739110. A question regarding parole eligibility is not properly raised in a habeas proceeding, as it does not challenge the trial court's jurisdiction or the facial invalidity of the judgment. Garrison , 2018 Ark. 8, 534 S.W.3d 136. Because Watkins's challenge is to his parole eligibility, he fails to establish that the writ should issue, and the circuit court's dismissal of the petition for writ of habeas corpus is affirmed.
Affirmed; motion granted.
Hart, J., dissents.
Josephine Linker Hart, Justice, dissenting.
I dissent. This case presents yet another illustration of the various problems with our jurisprudence addressing State habeas corpus claims.
Watkins was convicted of kidnapping, second degree battery, and possession of a firearm by certain persons, and sentenced to ten (10), five (5), and five (5) years in ADC, respectively. Watkins also received a fifteen-year firearm enhancement pursuant to Ark. Code Ann. § 16-112-103 (the firearm-enhancement statute). The crimes in question occurred on April 29, 2007, and the filing date of Watkins' confinement order is September 12, 2007. Also in 2007, the General Assembly passed Act 1047, which modified the firearm-enhancement statute to require those upon whom the statute is imposed to serve 70% of his or her sentence before he or she may be considered eligible for parole for crimes committed on or after July 2, 2007 (the 70% requirement). A person's parole eligibility is determined by the laws in effect at the time of the offense for which he or she is sentenced. Ark. Code Ann. § 16-93-612. The Arkansas Department of Correction (ADC) is holding Watkins to the firearm-enhancement statute's 70% requirement before he will be eligible for parole. Watkins filed a habeas corpus petition in Jefferson County Circuit Court arguing that his confinement order was facially invalid, and the circuit court denied his petition without a hearing. Watkins now appeals to this court.
Article 2, section 11 of the Arkansas Constitution provides that "The privilege of the writ of habeas corpus shall not be suspended; except by the General Assembly, in case of rebellion, insurrection or invasion, when the public safety may require it." The process by which one applies for the writ is prescribed at Ark. Code Ann. § 16-112-103, which provides that the writ shall be granted "to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted."
The majority states, as do many of our prior cases, that habeas corpus relief is only available "when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause." See , e.g. , Smith v. Hobbs , 2015 Ark. 312 at 3, 468 S.W.3d 269 at 273 ("The burden is on the petitioner in a habeas corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ should issue."). As I explained in Stephenson v. Kelley , this "facial invalidity or lack of *912 jurisdiction" rule is an ancient one that should have been expanded long ago in light of various enactments by our State legislature. 2018 Ark. 143, 544 S.W.3d 44 (J. Hart, dissenting). The writ of habeas corpus should not be fettered by such a narrow conception of its purpose. Ark. Code Ann. § 16-112-103 's plain language, which contemplates the petitioner filing an "affidavit or other evidence," necessarily rejects any intimation that a court's review of a habeas petition is limited to an examination of the facial validity of the confinement order or to whether the court that issued the confinement order had proper jurisdiction.
However, even under the narrow "facial invalidity or lack of jurisdiction" rule, Watkins should be entitled to some form of relief. Watkins asserts that his confinement order is facially invalid. The confinement order, which specifies April 29, 2007 as the "offense date," imposes a fifteen-year sentence enhancement pursuant to "16-90-120" (the firearm-enhancement statute). However, the confinement order does nothing to specify that Watkins was sentenced pursuant to the firearm-enhancement statute's pre-Act 1047 version, which required those convicted to serve 33.3% to 50% of the sentence, or to otherwise avert the application of the post-Act 1047 version's 70% requirement. This renders Watkins's confinement order facially invalid, as the 70% requirement only became effective July 2, 2007, months after the date of Watkins's offenses and months before the convicting court issued the confinement order. Predictably, this error has led to ADC holding Watkins to a substantially later transfer eligibility date than he would otherwise be entitled to. This error should be corrected.
The majority would hold otherwise, suggesting that "habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction." In support of this proposition, the majority cites to Garrison v. Kelley , 2018 Ark. 8, 534 S.W.3d 136 and Blevins v. Norris , 291 Ark. 70, 722 S.W.2d 573 (1987).
However, neither Garrison nor Blevins actually support the majority's proposition. Garrison , the case where the language quoted above first appears, was a case about jury instructions where the trial judge had made certain erroneous comments to the jury before it retired for deliberations about when the petitioner would be eligible for parole in the event of a conviction. 2018 Ark. 8 at 2-4, 534 S.W.3d 136 at 137-38. The petitioner's argument was that the jury, after hearing the incorrect assertion from the trial judge that the petitioner could be paroled after serving only one sixth of a term-of-years sentence, did not "want the petitioner to only serve one sixth or less and therefore imposed a life sentence." Id. The language from Garrison referenced in the majority opinion here had nothing to do with the actual issue on appeal in that case (a trial error regarding jury instructions), and is accordingly dicta. Id. Garrison cited to Blevins in support of this proposition, but this was also in error. Id. at 4, 534 S.W.3d at 138. In Blevins , the petitioner was attempting to use a habeas corpus petition to challenge the constitutionality of the entire parole-eligibility statute. 291 Ark. 70, 722 S.W.2d 573. While the court there held that a habeas corpus petition was not the proper vehicle to challenge the constitutionality of the statute, the court certainly did not hold that the writ habeas corpus can never address issues of parole eligibility. Id. at 71, 722 S.W.2d at 574. In short, neither Garrison nor Blevins defeat Watkins' claim.
*913 Turning back to Watkins's claim, the writ of habeas corpus would be perfectly appropriate in this situation. Watkins asserts that his confinement order is facially invalid, and his claim appears to be meritorious, as set forth above. We should be remanding this case to the circuit court.

Watkins tendered eight copies of the appellant's brief one day late. Although the brief was noncompliant, had it been tendered on or by the due date, Watkins would have been granted a fourteen-day compliance extension. See Ark. Sup. Ct. R. 4-7(c)(4) (2017). Due to the reasons given and Watkins's expeditious return of a compliant brief, Watkins has provided good cause for the late tender of the appellant's brief. For good cause shown, Watkins's motion for belated brief is granted.

Arkansas Code Annotated section 16-90-120 (Repl. 2006) was amended by Act 1047 § 5 of the Acts of 2007 with the amendment to become effective on July 31, 2007. Arkansas Code Annotated section 16-90-120 (Repl. 2006) contained what is currently in subsection (a), (b), (c), and (d). The 2007 amendment essentially amended the section adding subsection (e), adding the 70 percent provision and making the subsection applicable for offenses "committed on or after July 2, 2007."