Cite as 2020 Ark. 142

# SUPREME COURT OF ARKANSAS
No. CV-19-791

| | |
|---|---|
| | **Opinion Delivered:** April 16, 2020 |
| TERRANCE PROCTOR | |
| APPELLANT | APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | [NO. 40CV-19-95] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**KAREN R. BAKER, Associate Justice**

Appellant Terrance Proctor appeals the Lincoln County Circuit Court's order denying and dismissing his petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101.   On appeal, Proctor argues that the circuit court erred in denying his petition on the basis that Proctor had previously raised the same arguments in a prior habeas petition.  We affirm.

In 1982, Proctor committed a string of robberies when he was seventeen years old. Proctor pleaded guilty to ten counts of aggravated robbery and one count of robbery in the Pulaski County Circuit Court.  In 1983, Proctor was sentenced to life imprisonment for one of the aggravated-robbery counts.  As to the remaining counts, Proctor was sentenced to 200 years' imprisonment with the sentences to be served consecutively to his life sentence.

In 2010, the United States Supreme Court held that the Eighth Amendment "forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender." *Graham v. Florida*, 560 U.S. 48, 75 (2010). Subsequently, Proctor filed a petition for writ of habeas corpus in the Lincoln County Circuit Court and argued that pursuant to *Graham*, his sentence of life imprisonment for the nonhomicide offense of aggravated robbery was illegal. The circuit court granted Proctor's habeas petition. Relying on *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283, the circuit court found that the remedy for a *Graham* violation is to reduce the petitioner's life sentence to the maximum term-of-years sentence for the crime when it was committed. The circuit court reduced Proctor's life sentence to a sentence of forty years and ordered his sentences to run consecutively. Accordingly, Proctor was sentenced to a 240-year cumulative sentence, which we affirmed in *Proctor v. Hobbs*, 2015 Ark. 42 (*Proctor I*).

In 2017, Proctor filed a second petition for writ of habeas corpus in the Lincoln County Circuit Court and argued that his 240-year cumulative sentence is a de facto life sentence in violation of *Graham*. Additionally, Proctor argued that his sentence is grossly disproportionate to his crimes under an individualized Eighth Amendment analysis. The circuit court denied his petition, and we affirmed in *Proctor v. Kelley*, 2018 Ark. 382, 562 S.W.3d 837 (*Proctor II*). In rejecting his de facto life-sentence argument, we held that *Graham* does not apply:

> *Graham* itself cautions that "[t]he instant case concerns only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense." By its very terms, *Graham* applies only to sentences of life without parole. Further,

*Graham*'s use of the singular "solely for a nonhomicide offense" underscores the fact that Graham was sentenced to life in prison for a single offense. Proctor was sentenced on eleven separate crimes. Moreover, we considered *Graham*'s application in our unanimous opinion, *Turner*, [2014 Ark. 19, 431 S.W.3d 283]. In *Turner*, a juvenile offender was sentenced to life imprisonment, and parole was not a possibility. After *Graham*, Turner was granted habeas relief, and the circuit court sentenced Turner to the maximum term of years available under the applicable statute. Turner appealed and argued that the circuit court erred in mechanically applying the maximum term of years instead of considering his youth at a resentencing hearing. In affirming the circuit court, we said that "[o]nce the circuit court imposed a nonlife sentence on Turner, its obligations under *Graham* were fulfilled." *Turner*, 2014 Ark. 19, at 11, 431 S.W.3d at 289. Here, Proctor has multiple sentences, but no individual sentence is a life sentence. Thus, *Graham* does not apply.

*Id.* at 7–8, 562 S.W.3d at 841–42.

In *Proctor II*, we acknowledged Proctor's argument that his cumulative sentence is grossly disproportionate to the crimes he committed, but we declined to address this argument. We explained that the circuit court identified and ruled on only one of Proctor's claims—"that a sentence of 240 years is a de facto life sentence which constitutes cruel and unusual punishment entitling him to relief under the principles established in *Graham*." *Id.* at 9, 562 S.W.3d at 842. Thus, we held that Proctor's failure to obtain a ruling on his gross-disproportionality argument precluded our review.

On August 6, 2019, Proctor filed a third petition for writ of habeas corpus, which is the subject of this appeal. Proctor argued that he is detained without lawful authority and that his 240-year cumulative sentence for nonhomicide offenses is disproportionate. Specifically, he argued that (1) his 240-year cumulative sentence foreclosed the possibility of release, (2) his 240-year cumulative sentence is grossly disproportionate to the crime, and

3

(3) the Fair Sentencing of Minors Act ("FSMA") 2017 Ark. Acts 539 must be applied retroactively.

On September 10, 2019, the circuit court entered its order denying and dismissing Proctor's petition. The circuit court found that Proctor repeated the same arguments that were rejected in a prior petition. Specifically, the circuit court found: "In 40CV-17-79-5, petitioner made the same arguments as he does in this petition. The case was dismissed. The case was affirmed in *Proctor v. Kelley*, 2018 Ark. 382, 562 S.W.3d 837. Petitioner has not established any evidence to change the previous ruling. The petition is DENIED and DISMISSED." Proctor timely appealed on October 1, 2019. On appeal, Proctor argues that (1) the circuit court erred in denying his habeas petition based on a previous challenge to the FSMA; (2) the FSMA is retroactive; and (3) his 240-year cumulative sentence is void as it is an unconstitutionally disproportionate punishment in violation of the United States Constitution.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit

or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016); *Garrison v. Kelley*, 2018 Ark. 8, 534 S.W.3d 136. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Love v. Kelley*, 2018 Ark. 206, 548 S.W.3d 145. The burden is on the petitioner to establish with factual support that he or she is entitled to issuance of the writ. *Breeden v. Kelley*, 2018 Ark. 299, 557 S.W.3d 264 (A habeas petition fails to state a colorable cause of action if it does not state sufficient nonconclusory facts to support cognizable claims.).

## I. *FSMA*

Proctor argues that the circuit court clearly erred in finding that he had previously raised his FSMA retroactivity claim in *Proctor II*. In *Proctor II*, we specifically explained:

> We note that Proctor referenced in his brief Act 539, the Fair Sentencing of Minors Act (FSMA), which provides for parole eligibility for persons who were minors at the time of committing an offense "that was committed before, on, or after March 20, 2017." Ark. Code Ann. § 16-93-621 (Supp. 2017). Therein, the Arkansas General Assembly determined that twenty years is an appropriate maximum length of time a juvenile must serve for a nonhomicide offense before becoming eligible for parole. Ark. Code Ann. § 16-93-621(a)(1). However, Proctor does not argue that the FSMA's parole provisions should apply retroactively to him, and as a result, we are precluded from addressing such.

*Proctor*, 2018 Ark. 382, at 9 n.4, 562 S.W.3d at 842 n.4. For the foregoing reasons, we declined to address Proctor's FSMA argument and did not rule on this issue. Therefore, we agree that the circuit court clearly erred in determining that Proctor's FSMA arguments

were previously considered by this court in *Proctor II*. However, we may affirm a circuit court's denial of habeas relief if the right result was reached for a different reason. *Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332.

We turn to the crux of Proctor's FSMA argument that the circuit court clearly erred in denying his claim that the parole provisions of the FSMA are retroactive. However, his argument regarding the FSMA's parole-eligibility provisions are not cognizable in a habeas proceeding. Habeas proceedings do not extend to issues of parole eligibility and are limited to the questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction.[1] *Watkins v. Kelley*, 2018 Ark. 215, 549 S.W.3d 908. Parole eligibility falls clearly within the domain of the executive branch and specifically the ADC, as fixed by statute. *Id.* A question regarding parole eligibility is not properly raised in a habeas proceeding because it does not challenge the circuit court's jurisdiction or the facial invalidity of the judgment. *Id.* Because Proctor's challenge is to his parole eligibility, he fails to establish that the writ should issue; therefore, we affirm the circuit court's decision to deny the petition for the writ based on Proctor's FSMA arguments.

II. *Gross Disproportionality*

---

[1]For the first time in his reply brief, Proctor specifically argues that Ark. Code Ann. § 16-112-103(a) does not restrict our review to the facial invalidity of Proctor's judgments. However, this court will not consider arguments raised for the first time in an appellant's reply brief because the appellee is not given a chance to rebut the argument. *Graves v. Greene Cty.*, 2013 Ark. 493, 430 S.W.3d 722.

In his final argument on appeal, Proctor appears to argue that the circuit court's dismissal of his petition was clearly erroneous because his 240-year cumulative sentence amounts to cruel and unusual punishment in violation of the Eighth Amendment. In *Proctor II*, *supra*, we recognized that the United States Supreme Court has developed "two strands of precedent" reflecting its concern with unconstitutionally disproportionate punishments:

> The first strand "has adopted categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty." [*Miller v. Alabama*, 567 U.S. 460, 470 (2012)].
>
> . . . .
>
> The second strand of precedent involves a "case-specific gross disproportionality inquiry," *Graham*, 560 U.S. at 77, that evaluates "all the circumstances in a particular case." *Id*. at 59.

2018 Ark. 382, at 4, 562 S.W.3d at 840.

In *Proctor II*, we specifically rejected Proctor's de facto life-sentence argument. Thus, to the extent that Proctor is reasserting this argument on appeal, we hold that this issue was previously decided in *Proctor II*. As to the second strand of precedent concerning unconstitutionally disproportionate punishments—case-specific gross disproportionality—we expressly declined to address this argument in *Proctor II*. Therefore, the circuit court clearly erred in determining that Proctor's gross-disproportionality argument was considered by this court in *Proctor II*. However, we may affirm a circuit court's denial of habeas relief if the right result was reached although for a different reason. *Darrough*, *supra*.

7

Turning to Proctor's gross-disproportionality argument, Proctor argues that his cumulative sentence is constitutionally infirm because it is grossly disproportionate to his crimes. Proctor admits that he committed several very serious crimes, however, he asserts that all of his crimes were nonhomicide offenses. Proctor contends that the "worst physical injury in the record was scrapes and bruises suffered by the victim of a purse snatching."

As set forth above in *Graham*, a gross-disproportionality inquiry evaluates "all of the circumstances in a particular case." *Graham*, 560 U.S. at 59. Thus, the express terms of this inquiry require the court to go behind the face of the judgment to evaluate the circumstances of Proctor's case. However, if the petitioner does not show that on the face of the commitment order there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable in habeas proceedings. *Fields v. Hobbs*, 2013 Ark. 416, at 3. Here, Proctor does not allege that his individual sentences are outside the statutory range of his offenses. When Proctor committed the crimes, aggravated robbery, a Class Y felony, was punishable by a sentence of not less than ten years and not more than forty years, or life. Ark. Stat. Ann. §§ 41-2102(2) (Supp. 1981), 41-901(a) (Supp. 1981). In addition, robbery was a Class B felony and was punishable by a sentence of not less than five years and not more than twenty years. Ark. Stat. Ann. §§ 41-2103(2) (Repl. 1977), 41-901(c) (Supp. 1981). If the sentence is within the limits set by statute, it is legal. *Collier v. Kelley*, 2018 Ark. 170 (citing *Beyard v. State*, 2017 Ark. 203). Thus, because Proctor's gross-disproportionality argument

would require an evaluation of the circumstances of his case, his claim is not cognizable in a writ of habeas corpus.

Finally, imbedded within his final point on appeal, Proctor argues that his entire trial was unconstitutional. To support his position, Proctor asserts that (1) the 1983 sentencing court threatened "a mandatory ten life sentences or 400 years," (2) the circuit court stated that it was "going to ruin [Proctor] as an example," (3) Proctor's youth was given no consideration, (4) the circuit court declined to consider mitigators, and (5) no consideration was given to the adult participating in the crimes. To the extent that Proctor is alleging trial error, we have said that assertions of trial error do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Williams v. Kelley*, 2017 Ark. 200, at 3, 521 S.W.3d 104, 106. We hold that Proctor has failed to allege a basis for the circuit court to grant the writ, and he has demonstrated no clear error in the dismissal of his habeas petition.

In sum, Proctor did not establish either that the sentencing orders implicated the jurisdiction of the circuit court or that they were facially invalid. Accordingly, the circuit court did not err in declining to issue the writ, and we affirm.

Affirmed.

HUDSON, J., concurs.

HART, J., dissents.

**COURTNEY RAE HUDSON, concurring.** I agree with the majority that the circuit court did not clearly err in declining to issue a writ of habeas corpus in this instance, and I

9

fully join the majority's opinion. I write separately to highlight the fact that this court has already addressed the retroactivity of the FSMA's parole provisions and to note that Proctor is not without remedy.

Proctor argued below and on appeal that the FSMA's parole provisions should apply retroactively to him. The FSMA provides that

(a)(1) A minor who was convicted and sentenced to the Department of Correction or Division of Correction for an offense committed before he or she was eighteen (18) years of age and in which the death of another person did not occur is eligible for release on parole no later than after twenty (20) years of incarceration, including any applicable sentencing enhancements, and including an instance in which multiple sentences are to be served consecutively or concurrently, unless by law the minor is eligible for earlier parole eligibility.

Ark. Code Ann. § 16-93-621(a)(1) (Supp. 2019).

The Act's parole provisions apply to "[a] person who was a minor at the time of committing an offense that was committed before, on, or after March 20, 2017." Ark. Code Ann. § 16-93-621. This court has previously determined that the Act's parole provisions are retroactive; however, the penalty provisions are not. *Harris v. State*, 2018 Ark. 179, 547 SW.3d 64. In *Harris*, we explained that

Our conclusion is bolstered by the fact that the legislature expressly stated its intent that other sections of the FSMA apply retroactively, regardless of the date of the commission of the criminal offense. *See* FSMA §§ 9–13 (amending title 16, chapter 93 to provide parole eligibility to a person who was a minor at the time of committing an offense "before, on, or after the effective date of this act"). We have recognized that the express designation of one thing may be properly construed to mean the exclusion of another. *E.g.*, *Larry Hobbs Farm Equip., Inc. v. CNH Am., LLC*, 375 Ark. 379, 291 S.W.3d 190 (2009). Therefore, when the legislature includes retroactivity language in some sections of an act but omits it in other sections of the same act, we may presume that the legislature acted intentionally and purposely in the disparate inclusion or exclusion. *See Russello v. United States*, 464 U.S. 16, 23, 104 S. Ct. 296, 78 L.Ed.2d 17 (1983); *Bolin v. State*, 2015 Ark. 149,

at 5–6, 459 S.W.3d 788, 791–92 (stating that when there was no "general expression of intent that the whole act should apply retroactively," but a "specific expression of intent" that part of the act applies retroactively, the court could conclude that the only retroactive part of the law was that expressly designated in the act). *Had the legislature intended for the penalty provisions in sections 3 and 6 to be retroactive, it could have included language to that effect as it did for the parole-eligibility provisions in sections 9–13. See Bolin*, 2015 Ark. 149, 459 S.W.3d 788.

*Id.* at 13, 547 S.W.3d at 71 (emphasis added).

Pursuant to the plain language of the FSMA itself and our opinion in *Harris*, the parole provisions of the FSMA are retroactive. If officials refuse to apply the FSMA retroactively, Proctor's legal arsenal may include a declaratory-judgment action and a prayer for mandamus relief. *Davis v. Mabry*, 266 Ark. 487, 585 S.W.2d 949 (1979), *overruled on other grounds by Bosnick v. Lockhart*, 283 Ark. 206, 677 S.W.2d 292 (1984).

I concur.

**JOSEPHINE LINKER HART, Justice, dissenting.** The majority correctly notes that the circuit court's basis for dismissing Proctor's habeas petition––"In 40CV-17-79-5, petitioner made the same arguments as he does in this petition"––was clearly erroneous. However, that does not prevent it from making the same mistake that this court did in *Jackson v. Norris*, 2011 Ark. 49, 378 S.W.3d 103, when it asserted that "a writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the case." That analysis gave the Supreme Court of the United States not a moment's pause when it granted certiorari and made *Jackson v. Norris* a companion case to *Miller v. Alabama*, 567 U.S. 460 (2012).

The Arkansas habeas statute states:

11

The writ of habeas corpus shall be granted forthwith by any of the officers enumerated in § 16-112-102(a) to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority, is imprisoned when by law he or she is entitled to bail, or who has alleged actual innocence of the offense or offenses for which the person was convicted.

Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). The majority has conflated the circumstances under which a writ may be *granted*––upon a showing of probable cause that the petitioner has been detained without lawful authority––with the circumstances under which a petitioner may be *discharged* from lawful custody. A different statutory section governs discharge pursuant to a writ of habeas corpus. Ark. Code Ann. § 16-112-118. This confusion has undoubtedly led to the majority's conclusion that even though the circuit court's factual finding was unsupported by the record, the circuit court nonetheless reached the right result.

Imprisonment *without* the possibility of parole is qualitatively different than imprisonment *with* the possibility of parole. *See Miller*, *supra*. It is troubling that the majority cannot recall that habeas relief has been granted to all of the Arkansas prisoners who were serving life-without-parole sentences for capital murder committed while they were juveniles. *See, e.g.*, *Scherrer v. State*, 2019 Ark. 264, 584 S.W.3d 243; *Elliot v. State*, 2019 Ark. 162; *Williams v. State*, 2019 Ark. 96, 571 S.W.3d 3; *Howell v. State*, 2019 Ark. 59, 567 S.W.3d 842; *Segerstrom v. State*, 2019 Ark. 36, 566 S.W.3d 466; *Robinson v. State*, 2018 Ark. 353, 563 S.W.3d 530; *Harris v. State*, 2018 Ark. 179, 547 S.W.3d 64; *Kelley v. Gordon*, 2015 Ark. 277, 465 S.W.3d 842; *Jackson v. Norris*, 2013 Ark. 175, 426 S.W.3d 906.

Based on my work on the foregoing cases, it is obvious to me that parole eligibility can be a basis for habeas relief.

There is no dispute that the parole-eligibility sections of the Fair Sentencing of Minors Act apply retroactively. If Proctor is not being considered for parole, he is being unlawfully detained. The circuit court erred by not determining if this was indeed the case. This case should be reversed and remanded to the circuit court to do its job.

I dissent.

*Lassiter & Cassinelli*, by:  *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Christian Harris*, Ass't Att'y Gen., for appellee.