Cite as 2024 Ark. 131

# SUPREME COURT OF ARKANSAS

No. CV-23-824

| | | |
|---|---|---|
| TAURIN A. JOHNSON | | **Opinion Delivered:** September 19, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE |
| | | LINCOLN COUNTY CIRCUIT |
| V. | | COURT |
| | | [NO. 40CV-23-119] |
| DEXTER PAYNE, DIRECTOR, | | HONORABLE JODI RAINES |
| ARKANSAS DIVISION OF | | DENNIS, JUDGE |
| CORRECTION | | |
| | APPELLEE | AFFIRMED. |

**BARBARA W. WEBB, Justice**

Taurin A. Johnson appeals the denial and dismissal of his pro se petition for writ of habeas corpus pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016) filed in Lincoln County where he is incarcerated. Johnson alleged in his petition and in his argument on appeal that his life-without-parole sentence for the crime of first-degree murder was illegally amended to life with parole under the Fair Sentencing of Minors Act (FSMA). According to Johnson, he was not provided with a resentencing hearing before an amended judgment was allegedly entered, and he claims that the FSMA was applied ex post facto to his sentence in that the crime of murder was committed in 1993, and the FSMA was enacted in 2017. *See* Ark. Code Ann. § 16-93-621 (Supp. 2017). Johnson claims that his judgment should be vacated. The circuit court denied and dismissed the petition on the ground that Johnson failed to provide sufficient evidence that the original judgment and

commitment order was amended or that he was otherwise being illegally detained. We affirm.

## I. *Background*

In 1994, Johnson pleaded guilty to first-degree murder and attempted first-degree murder in the Phillips County Circuit Court. The crimes were committed on January 21, 1993. Johnson's date of birth is August 11, 1975; therefore, Johnson was seventeen when he committed the crimes to which he pleaded guilty. Johnson was sentenced to a term of life imprisonment without parole for the murder conviction and a concurrent sentence of 360 months' imprisonment for the attempted-murder conviction.

Johnson previously filed a petition for writ of habeas corpus in 2018, alleging that his sentence was illegal pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012), because he was seventeen when the crimes were committed. His petition was denied by the circuit court, and the denial was affirmed by this court because the holding in *Miller* did not apply to Johnson's conviction for first-degree murder in that his life sentence was not mandatorily imposed. *See Johnson v. State*, 2018 Ark. 168, 546 S.W.3d 470.

## II. *Standard of Review*

We will affirm a circuit court's decision on a petition for writ of habeas corpus unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

III. *Arguments on Appeal*

Johnson first contends that his judgment reflecting a sentence of life without parole was illegally modified to life with parole without the Phillips County Circuit Court conducting a resentencing hearing. However, as previously noted, we held that although Johnson was a juvenile when he committed murder, he was not entitled to have his judgment vacated and a resentencing hearing held pursuant to the holding in *Miller. Johnson*, 2018 Ark. 168, 546 S.W.3d 470. Furthermore, in *Proctor v. Payne*, 2020 Ark. 142, 598 S.W.3d 17, we held that the FSMA's parole-eligibility provisions are not cognizable in habeas proceedings. Habeas proceedings do not extend to issues of parole eligibility and are limited to questions of whether the petitioner is in custody pursuant to a valid judgment of conviction or whether the convicting court had proper jurisdiction. *Id.*

Johnson next asserts that the FSMA was applied to his sentence in violation of the prohibition against ex post facto laws. This claim is likewise unavailing. Section 16-93-621(a)(2)(A) and (B) provides in pertinent part that juveniles who committed first-degree murder before March 2017 are eligible for parole after serving twenty-five years of their life sentence. Because of the clear intention of the General Assembly, it is undisputed that the FSMA contains parole-eligibility provisions that apply retroactively to juveniles convicted of murder before it was enacted in 2017. *See Ark. Parole Bd. v. Johnson*, 2022 Ark. 209, 654 S.W.3d 820. A parole statute less favorable to one who had been sentenced prior to its passage than the parole law existing at the time of his sentencing would be unconstitutional as an ex post facto law. *Bosnick v. Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984). The FSMA parole provisions are more favorable—not less favorable—to Johnson. Johnson is now

3

eligible for release on parole, and the FSMA provisions are not unconstitutional ex post facto law. *See id.*

Affirmed.

*Taurin Johnson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.